No. 10,328.

PLAINS IRON WORKS CO., ET AL. v. HAGGOTT.

Decided November 6, 1922. Rehearing denied December 4, 1922.

Action for specific performance. Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Fact Findings.* Fact findings by a trial court, supported by sufficient evidence, will not be disturbed on review.

2. *Res judicata.* Where on review a judgment is reversed with directions to permit amended pleadings and retrial of all issues, a plea of res judicata, based on the opinion of the reviewing court will not be sustained.

3. TRIAL—*Specific Performance—Jury.* Whether an issue of fact must be tried by a jury, depends upon the character of the action. A suit for specific performance is an equitable action and triable to the court without a jury.

4. SPECIFIC PERFORMANCE—*Jury Trial.* The fact that a judgment for specific performance may result in the recovery of specific personal property, does not make the suit one for the recovery of specific personal property within the meaning of section 190, code of 1908, requiring a trial by jury.

5. EVIDENCE—*Testimony on Former Trial—Diligence.* The contention that former testimony of an absent witness was improperly admitted, on the ground that there was a lack of diligence to procure the attendance of the witness, overruled.

6. *Testimony on Former Trial—Depositions—Issues.* In Colorado, former testimony of an absent witness may be introduced without first showing an effort to take depositions. Such evidence is permissible where the issues in the case on trial and those on the former trial, are substantially the same.

7. APPEAL AND ERROR—*Erroneous Judgment Against One Defendant.* Where there is an erroneous judgment against one of several defendants, such fact may not necessarily require a reversal of the judgment as to all of the defendants. Where the facts are

such as to make it proper, the appellate court may modify the judgment.

*Error to the District Court of the City and County of Denver, Hon. J. W. Sheafor, Judge.*

Mr. CHARLES C. BARKER, Mr. WILLIAM H. GABBERT, for plaintiffs in error.

Messrs. SABIN & MCGLASHAN, Messrs. MAY & GOULD, for defendant in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit for specific performance of a contract to pay $10,000 in money and transfer 250 shares of stock in a corporation, The Plains Iron Works Company. The cause is before us for the second time. The opinion and decision upon the first review may be found in *Plains Iron Works Co. v. Haggott*, 68 Colo. 121, 188 Pac. 735. After that decision the plaintiff, as permitted by the opinion, amended his complaint and also brought in one Asa Hubbell as a party defendant. Thereafter the trial court, sitting without a jury, found the issues for plaintiff, and rendered judgment against defendants jointly. The defendants have sued out this writ of error.

The evidence is sufficient to sustain the court's findings of fact, and for this reason it is not necessary to consider further such contentions as are based entirely on disputed facts. In this connection, we observe that there is considerable discussion of the evidence tending to support the defense that plaintiff is not here with clean hands, but that issue was determined adversely to defendants as an issue of fact.

The defendants plead *res judicata*. The plea is based on the former opinion of this court as to the sufficiency of the evidence to support any judgment against the Iron Works Company. This court however did not direct or order the direction of any judgment in favor of the company, but the cause was remanded for new trial and plain-

tiff given leave to amend or replead.  As permitted by the opinion, the cause was retried as to all issues.  This court did not direct the retrial of certain specific questions of fact only, as may sometimes be done under Rule 53 (161 Pac. XII).  Therefore the trial court properly proceeded to determine all issues of fact without reference to what was said in the former opinion as to the sufficiency of the evidence on any issue.  The plea of *res judicata* cannot be sustained.

Error is assigned to the trial court's refusal to grant defendants a trial by jury.  In *Neikirk v. Boulder Bank*, 53 Colo. 350, 355, 127 Pac. 137, this court said:

"Under our code, whether an issue of fact must be tried by a jury depends upon the character of the action in which the issue is joined."

We hold the instant case to be a suit for specific performance, not only because we have so indicated in the former opinion but also upon a consideration of the allegations of the amended complaint and the relief demanded.  A suit for specific performance is an equitable action, and being such, it is triable to the court without a jury.  *Johnson v. National Bank*, 24 Colo. App. 23, 131 Pac. 284; *Cree v. Lewis*, 49 Colo. 186, 112 Pac. 326; *McClelland v. Bullis*, 34 Colo. 69, 79, 81 Pac. 771.

The plaintiffs in error, however, further claim that the suit, in so far as the stock is concerned, is an action for the recovery of specific personal property, and therefore must be tried by a jury under section 190, Code of 1908, which requires such actions to be tried by a jury unless a jury trial is waived.  While the recovery of specific personal property may result from the successful prosecution of a suit for specific performance of a contract to transfer such personal property, the suit, nevertheless, is not one "for the recovery of specific personal property," within the meaning of the code.  In *Hull v. Bell Bros.*, 54 Ohio St. 228, 43 N. E. 584, it was held that a suit for specific performance of a contract to convey land is not an action for the recovery of land, within the meaning of a code provi-

sion like ours. See also 24 Cyc. 109. In 24 Cyc. 123 the text is to the effect that suits for specific performance are, even under the codes of procedure, triable by the court without a jury. There was no error in denying defendants a trial by jury.

Error is assigned to the trial court's overruling defendants' objection to the admission in evidence of testimony given at the first trial by witnesses who were absent from the state at the time of the last trial, that is, at the time the former evidence was sought to be used. The objection was upon three, and only three, grounds, and these were: 1. An alleged lack of diligence to procure the attendance of the absent witnesses. 2. That no effort was made to obtain their depositions. 3. That there was not an identity of issues at the two trials. There was no objection on the ground that there was not an identity of parties.

There was a sufficient showing to warrant the court in overruling the objection as to the first ground. As to the second ground: While some authorities require that an effort be made to secure the depositions of the absent witnesses (22 C. J. 432), others do not. (5 Enc. of Evidence, 906, 907.) In this state, former evidence may be used without first showing an effort to take the depositions. *Emerson v. Burnett,* 11 Colo. App. 86, 52 Pac. 752; *Ross-Lewin v. Germania Life Ins. Co.,* 20 Colo. App. 262, 78 Pac. 305.

The third ground of the objection is that the issues were not the same at the last trial as at the former trial. The issues were substantially the same, and that is sufficient to overrule the objection on that ground. 22 C. J. 430. In 2 Wigmore on Evidence, section 1387, the author says:

"* * * It is sufficient if the issue was the same, or substantially so with reference to the likelihood of adequate cross examination, because the opponent has thus already had the full benefit of the security intended by the law."

The only difference which plaintiffs in error claim there is between the complaint at the first trial and the amended complaint at the last trial is that under the allegations of

the former the individual defendants were not liable after the corporation assumed the debt, and that under the amended complaint they remained liable in any event. The defendants at both trials, and in their answer to each complaint, denied any contract whatever to pay plaintiff compensation in cash and stock. From this it is apparent that their cross examination at the first trial was adequate as a cross examination at the last trial, and under the rule stated by Wigmore, there was no error in admitting the former evidence.

It is contended that the judgment against the defendant Asa Hubbell is erroneous, and that because the judgment is against him jointly with other defendants, the error in including him in the judgment "demands a reversal as to all of the defendants."

The amended complaint alleges, and the trial court found, to the effect that defendant Asa Hubbell acquired his stock with full knowledge of the contract, which provided not only for the payment of the cash commission to plaintiff, but also for the delivery to plaintiff of shares of stock. Hubbell acquired stock which was impressed with a trust in favor of the plaintiff. There is no sufficient reason why the decree as to Asa Hubbell should be disturbed, in so far as it pertains to the delivery to plaintiff of the stock in the Iron Works Company.

There was nothing in the pleadings or in the proof to warrant a judgment against Asa Hubbell for the $10,000 cash commission. This situation is not disputed. However, that does not, as plaintiffs in error claim, require a reversal as to *all* of the defendants. In 4 C. J. 1155, it is said that "where the facts are such as to make it proper, an appellate court will modify a judgment or decree * * * by striking therefrom the names of such parties as have been improperly included." We find nothing in our statutes or decisions to preclude the application of the principle involved in that rule and modifying the decree accordingly, in the instant case.

There is no error in the record, other than the one just

noted, that is, the inclusion of Asa Hubbell in the judgment for $10,000. The judgment is modified so that it will not include Asa Hubbell as a party jointly or otherwise liable for the payment of the $10,000 and interest thereon, as the cash compensation for plaintiff provided by the contract. As thus modified, the judgment is affirmed.

The costs will be taxed to plaintiffs in error.

MR. JUSTICE WHITFORD and MR. JUSTICE CAMPBELL not participating.