No. 18,708.

CHARLEY BAUMGARTNER, ET AL. *v.* CLARA M. SCHEY.

(353 P. [2d] 375)

Decided June 20, 1960.   Rehearing denied July 11, 1960.

Messrs. HOUTCHENS & HOUTCHENS, Mr. JOHN J. DOOLEY, for plaintiffs in error.

Mr. M. E. H. SMITH, for defendant in error.

*In Department.*

PER CURIAM.

THE parties are here in the reverse order of their appearance in the trial court, and will be referred to as they there appeared, or by name.

Plaintiff's complaint filed December 23, 1957, denominated a "Complaint (Declaratory Judgment)" for a first claim alleges that the plaintiff, Clara M. Schey, is the owner of certain land in Weld County; that on November 1, 1954, defendant Wanda L. Baumgartner entered into a 1-year lease with one Edward J. Schey for these premises for a term from November 1, 1954, to February 1, 1956, and the defendants, Baumgartners, farmed said property; that the property was farmed in 1957 by all or some of the defendants, the arrangement between

Defendant Dunn and Defendants Baumgartners being unknown to the plaintiff; that plaintiff had made no agreement to lease to the defendants or any of them for the farm year of 1958, but that defendants or some one or more of them were claiming a verbal lease for that year; that plaintiff had sold the property with possession to be given by February 1, 1958; that there is a question of the existence of a contract between the plaintiff and defendants or any one or more of them for the farm year 1958, the same being a proper question for determination of the parties' rights and status under declaratory judgment proceedings; that to wait until February 1, 1958, would subject the plaintiff to damages and delay in the sale of the farm.

For a second claim plaintiff alleged that there was due and owing to her by the defendants, money for straw and water; that the plaintiff owed the defendants for plowing and irrigation in an unknown amount; and that there should be a complete accounting between the parties. The plaintiff prayed that the court determine that there was no contract or farm lease for the year 1958; that the plaintiff be given possession of the premises; and for an accounting.

The answer filed by the defendants, Charley Baumgartner and Wanda L. Baumgartner, generally admits the allegations of the complaint but alleges that defendant James H. Dunn has a lease for the property. They disclaim any interest in the property described, and ask that plaintiff's complaint be dismissed.

Defendant Dunn filed a separate answer admitting the lease between Wanda L. Baumgartner and Edward J. Schey to the lands owned by the plaintiff; admits he had farmed the property; denies that plaintiff had made no agreement to lease for the 1958 farming season and claims that he has a lease for the year 1958 to the property described; alleges no knowledge of a sale by the plaintiff to other parties; denies there is a question as to the existence of a contract between the plaintiff and

defendants or any of them for the farm year of 1958; denies the parties' rights and status may be determined under a declaratory judgment. He further denies any money is due plaintiff, or from plaintiff to defendants; or that an accounting should be had. He affirmatively alleges that during the period from 1956 through 1957 Edward J. Schey was the agent, servant, employee, or attorney of the plaintiff, and that he was and is the actual or equitable owner of the lands described; that Edward J. Schey leased the lands to the defendant, Wanda Baumgartner, for the term ending February 1, 1956; that Wanda L. Baumgartner sublet the lands to him (Dunn) for the farming season 1956; that he farmed the lands as tenant of the plaintiff during the year 1957; that he is either a tenant from year to year or a hold-over tenant under the lease dated November 1, 1957; and in the fall of 1957 the plaintiff by her agent, servant, employee, or attorney, leased the lands to this defendant; he has expended time and incurred expenses in the preparation of fields for the crop of 1958; and prays that the court dismiss the plaintiff's complaint.

Trial proceeded to a jury, although the court reserved its judgment on the question of whether the defendants were entitled to a jury trial in view of the claim made for an accounting, and the action being one for declaratory judgment.

Upon the conclusion of the evidence the plaintiff moved for a directed verdict upon which the court reserved ruling, and instructed the jury, which returned a verdict for defendants. Upon receipt of the verdict the clerk was ordered not to enter judgment thereon until further order of the court. The matter of right to trial by jury was then argued and the court concluded as follows:

"It is the conclusion of the Court, and it is the opinion of the Court, that the declaratory judgment act in the state of Colorado is to be liberally construed. The plaintiff in this case asks for declaratory relief, and

from the complaint and from the evidence in this case declaratory judgment relief is proper.

"The Court therefore rules that with respect to trial by jury in this case, the parties were not entitled to a trial by jury, since there was no statutory provision for trial by jury. So at most the verdict of the jury will be considered as advisory. The motion of the plaintiff for a directed verdict, although good, becomes academic in view of the fact that the Court finds that there was no right to trial by jury."

The verdict was set aside and the court made extensive oral findings and announced judgment for the plaintiff. The court found that neither or any of the defendants had a lease for the property described in the complaint beyond and after January 31, 1958, and that plaintiff is indebted to the defendants in the sum of $250 and costs taxed against the defendants.

The first question to be determined is whether a jury trial may be had in an action brought under the declaratory-judgment statute which created a right of action unknown before its adoption.

C.R.S. '53, 77-11-9 reads:

"When a proceeding under this article involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of facts are tried and determined in other civil actions in the court in which the proceeding is pending."

Rule 57 (i) R.C.P. Colo. contains the same language. ▪ The general rule of law applicable to declaratory-judgment actions is stated in 13 A.L.R. (2d) 790:

"Under this and similar provisions in the few states which have not adopted the Uniform Act, the courts have generally applied a historical test to determine whether a right to jury trial exists in a declaratory-judgment action. Thus, if any of the parties would have had a constitutional right to jury trial on any issue involved prior to the Declaratory Judgments Act, such right is retained."

■ Though there is some divergence of view in states having adopted the Declaratory Judgment Act, the majority rule is that whether a party is entitled to have disputed issues of fact decided by a jury, is not determined by the fact that a declaratory judgment is sought, but whether the right to a jury trial existed prior to the passage of the Declaratory Judgment Act in the type of action involved. If so, there is a right to trial by jury in such action. If the action in which declaratory relief is sought would have been an action at law had it been permitted to mature without the intervention of declaratory procedure, the right to trial by jury of disputed questions of fact is not affected. This has the salutary effect of permitting the defendant a trial by jury whether the action is brought under the common law or under the declaratory-judgments statute. It is, therefore, clear that in a proper case a jury trial may be had in an action brought under a declaratory-judgments statute.

Having reached this conclusion it becomes necessary to determine whether the action here involved would have been triable to a jury in the absence of the declaratory-judgments statute.

In essence the plaintiff claims to be entitled to possession of the land involved on the assertion that there is no contract or farm lease or agreement for a contract or lease for the year 1958 between the plaintiff and defendants, or any of them, and seeks immediate possession thereof, as well as an accounting. Defendant claims the right to possession and asserts a lease for 1958. While plaintiff asks for an accounting, she is entitled to it only if she is found to be entitled to possession. The basic issue upon which the entire case turns is, were defendants, under the facts shown entitled to have the issues of fact determined by a jury?

In 31 Am. Jur. 33, et seq., Jury, section 25, it is stated:

"The right (to jury trial) must be determined by the real, meritorious controversy between parties, as shown

by the whole case * * * In determining the essential character of a suit or remedy within this rule, the entire pleadings and all issues raised are to be examined and not merely the plaintiff's declaration, complaint, petition, or evidence. A plaintiff may not defeat a defendant's right to a jury trial by framing his complaint so that his action would be cognizable only in equity under the old procedure, by the blending of a claim cognizable at law with a demand for equitable relief, by an allegation of an equitable cause of action which does not exist, or by joining a legal with an equitable cause of action. At least, a joinder of legal and equitable causes of actions in a complaint does not deprive the defendant of a right to trial by jury of the purely legal issues."

The present action is clearly one in the nature of ejectment. In 18 Am. Jur. 12, 13 Ejectment, section 7, it is stated:

"At common law four things are necessary to support an action in ejectment — namely, title, lease, entry, and ouster."

The modern form of the common-law action of ejectment is forcible entry and detainer as provided in C.R.S. '53, 58-1-1, et seq. The action at bar might well have been in forcible entry and detainer had the plaintiff waited until the end of the period for which there was admittedly a lease. The modern statutory action of forcible entry and detainer is essentially the same as the old ejectment action.

18 Am. Jur. 11, Ejectment, section 5, states:

"But the nature of the action as one in ejectment has not been changed by statutes abolishing fictions or regulating procedure, not even by those adopting a substitute form of action, and resort must still be had to the common law for the principles which govern it."

In *French et al. v. Golston,* 105 Colo. 578, 100 P. (2d) 581, we have said:

" * * * ejectment is, primarily, a legal action * * *."
See, also, *Whitehead v. Callahan,* 44 Colo. 396, 99 Pac. 57.

It is, therefore, clear that if plaintiff's action had not been brought under the Declaratory Judgments Act prior to the end of the lease period it would have been an action in ejectment or forcible entry and detainer and in either case would have been an action at law. Thus, the character of the action, the entire controversy, is one at law, and one entitling defendants to a trial by jury of issues of fact.

The remaining problem revolves around plaintiff's contention that the question of a jury trial is moot.

Motion for directed verdict was made by the plaintiff in apt time and was taken under advisement and ruling reserved by the court. Plaintiff contends that the question has become moot in view of the court's ruling, as follows:

"The motion of the plaintiff for a directed verdict, *although good,* becomes academic in view of the fact that the court feels there was no right to trial by jury." (Emphasis supplied.)

If it be assumed that the court would have directed a verdict for the plaintiff, would such action have been proper under the evidence submitted?

The following evidence appearing in the record, which if believed, establishes that initially defendant Dunn entered into possession of the plaintiff's farm as a sub-tenant of defendant Baumgartner, under a lease which by its terms expired on February 1, 1956; Dunn farmed the land during the year 1956 under this sub-lease and again for the 1957 season without a lease. That Dunn was a tenant in possession was known to the plaintiff. About August 30, 1957, a letter was sent to Dunn by the plaintiff's agent advising him to do certain work in the fields in preparation for the next year's crop and expressing hope for a good beet crop in 1958. Thereafter Dunn did the work requested, believing that his lease for the following year was renewed. In October 1957 plaintiff's agent, Edward Schey, came to Colorado and made settlement with Dunn for the 1957 crops and in conver-

sations at that time discussed what crops were to be planted and matters concerning water for sheep to be fed upon the farm. At that time the statement was made that a lease would be forwarded when the plaintiff's agent returned to Wisconsin. This did not, however, mean that no lease existed until the written lease was forwarded. Whether the statement that a lease would be sent when Schey returned to Wisconsin merely reaffirmed the arrangement which the parties had already made and which the defendant, Dunn, had already partially executed by spending time, money, and labor, in plowing, discing and watering in preparation for a crop the following year, were questions of fact which should have been submitted to a jury for consideration. In such circumstances it would have been error for the court to have directed a verdict for plaintiff.

It follows that the defendants were entitled to a trial by jury, and the questions involved having been submitted to and determined by the jury, its verdict should have been accepted and judgment entered thereon.

For the reasons stated the judgment is reversed and the cause remanded with directions to reinstate the verdict and enter judgment thereon for the defendant, James H. Dunn.

MR. JUSTICE KNAUSS, MR. JUSTICE HALL and MR. JUSTICE DOYLE concur.