No. 18,915.

E. JAYNES *v.* SIDNEY MARROW.
(355 P. [2d] 529)

Decided September 19, 1960.  Rehearing denied October 10, 1960.

Mr. DAVID ALLEN, for plaintiff in error.

Messrs. SHELDON & NORDMARK, Mr. PAUL C. BROWN, MR. RICHARD McLEAN, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

THE case in the trial court was one to recover attorney fees. The matter was tried to a jury over the objections of the plaintiff and the sole question before this court on review is whether it was error for the trial court to grant a jury trial under the facts hereinafter recited.

The parties appeared in the trial court in the same order they appear in this court, and we will refer to them by name.

When the original complaint and answer were filed neither party made demand for a jury trial in accordance with Rule 38, R.C.P. Colo. More than a year later, and shortly before the trial of the action, the defendant filed a written demand for jury trial, to which plaintiff filed written objections, which upon hearing were overruled, the court stating in pertinent part:

"The Court overrules the objection of the plaintiff to the calling of a jury for the trial of this case for the reason that the same would not prejudice the plaintiff. Ample time has been given to the plaintiff for such jury trial.

" * * *

"The Court notes the objection of plaintiff to this ruling."

Thereafter the matter proceeded to trial before a jury, which returned a verdict in favor of the defendant. Judgment was entered on the verdict and motion for new trial was dispensed with.

Rule 38 (b) states:

"(b) Demand. Any party may demand a trial by jury of any issue triable by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

And Rule 38 (d) states:

"(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required

by rule 5 (d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

Rule 39 (b) states in pertinent part:

" * * * notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made, the court in its discretion may order a trial by a jury of any or all issues."

Jaynes points out that Marrow gave no reason for his long wait in requesting a jury trial; that as a "matter of law" all rights to a jury trial were waived.

There are two distinct rules controlling the matter which Jaynes attempts to combine into one operative regulation. This he cannot do.

The first is Rule 38 providing how a party to an action may secure a jury trial as a matter of right. If he fails to act in accordance with this rule he has no legal right to have a jury no matter what reasons he may give in excuse or for neglect. The second is Rule 39, which permits the court, in its discretion, to order a jury trial of any and all issues. It is this rule which has been applied here by the trial court and in so doing the court may exercise its discretion without interference from this court.

As far as Marrow's belated request for a jury is concerned the only error of the trial court in the instant action was its failure to expressly deny the motion before it, thus making it clear he was exercising his discretion under Rule 39 (b).

We realize that "judicial discretion must have some rational basis. It is not synonymous with judicial whim or caprice" (*Moore's Federal Practice,* Vol. 5, page 718), but such a rule does not mean that a trial judge under our Rule 39 (b) has to give any reasons why *he* desires a jury in a case. Under the similar federal rules the federal trial courts have gradually adopted a severe attitude towards belated jury requests and now require

that the discretion to grant not be exercised "* * * unless there appears in the record a showing of the existence of some plausible circumstances that would cause or justify the mind to act." *Moore's,* supra, page 716, section 39.09. *Moore* then proceeds to cite Judge Delehant's statement in *Arnold v. Chicago, B. & Q. R. Co.* (D. Neb. 1947), 10 FR Serv. 39b.2, Case 2, 7 FRD 678, 680, wherein he said:

"It may be added that as a matter of judicial administration judicial indulgence ought rarely to grant a trial by jury in default of a timely request for it. Such laxity is calculated to inspire indifference to the requirements of the rules in their entirety, to countenance tardiness in procedural and trial performance, and ultimately to defeat the avowed purpose of the rules to achieve punctuality in the administration of justice. More immediately, it will inevitably create confusion in trial dockets and accomplish unanticipated and intolerable continuances of trial. The consequences are uninviting."

*Moore* concludes at pages 718 and 719 that: "Counsel desirous of obtaining relief from waiver should be careful to spell out the basis or bases of his motion for relief, since it is settled today that the mere statement of 'oversight' or 'inadvertence' does not suffice to invoke the discretion of the court."

· *Moore* does point out though that: "Since the grant or denial of relief from a waiver is committed to the trial court's discretion the appellate courts normally refuse to interfere." *Moore's,* supra, p. 715, §39.09.

█ Thus it appears that in the federal trial courts where a belated jury demand is made, counsel must now give valid reasons for the request or else the trial court will not choose to exercise its discretion to consider it. We do not care to follow this interpretation in applying our rules. Trial courts, either with a belated motion before them, with or without reasons stated therein, or, without any motion at all, may order a jury trial because it is within their discretion so to do. Since no

reason need be given the fact, if it be one here, that the wrong reason was given for granting the motion, is immaterial because the court on its own motion could have ordered the jury trial without giving any reason whatsoever.

The judgment is affirmed.

Mr. Justice Day and Mr. Justice Doyle concur.

Mr. Justice Moore, Mr. Justice Knauss, Mr. Justice Hall and Mr. Justice Frantz concur in the result.

Mr. Justice Hall specially concurring:

I concur in the announced result, which I feel can be arrived at more directly and definitely than appears in the opinion delivered by the Chief Justice.

The parties appear here in the same order as they appeared in the trial court. I refer to them by name.

Jaynes' action was to recover attorney's fees alleged to be due him from Marrow.

Neither party demanded a jury trial within the time limits set forth in Rule 38 (b), R.C.P. Colo. More than one year after the time allotted for so doing had expired, Marrow filed his written demand for a jury trial and offered no reason for his tardiness. Jaynes filed written objections to the granting of Marrow's demand.

The trial judge did not expressly grant Marrow's demand but did overrule Jaynes' objections, and in so doing stated in pertinent part:

"The court overrules the objection of the plaintiff to the calling of a jury for the trial of this case for the reason that the same would not prejudice the plaintiff. Ample time has been given to the plaintiff for such jury trial."

A jury was called, trial had resulting in a verdict in favor of Marrow and judgment entered on the verdict.

Jaynes is here by writ of error seeking reversal and remand *for trial without a jury.*

There is no contention or even suggestion by Jaynes

that the verdict and judgment thereon are not correct, nor is there contention or suggestion that complete substantive justice has not been done.

Counsel for Jaynes confines his argument to the alleged procedural injustice perpetrated in compelling Jaynes to try the case before a jury and seeks reversal on that and no other ground.

Marrow failed to exercise procedural rights granted to him by Rule 38 (b), R.C.P., and any rights that he may have had to a trial by jury were lost as provided by Rule 38 (d), R.C.P.:

"(d) Waiver. The failure of a party to serve a demand [for jury] as required by this rule and to file it as required by rule 5 (d) constitutes a waiver by him of trial by jury. * * *."

Marrow's motion for a jury trial should have been denied; Jaynes' objections should have been sustained and the trial court's rulings to the contrary were erroneous. However, the error is harmless and any discussion of the correctness of the court's rulings with reference to the motion and objections is, for reasons hereinafter stated, purely academic.

Rule 39 (b), R.C.P., states in pertinent part:

" * * * notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made, the court in its discretion may order a trial by a jury of any or all issues."

This rule imposes no duty on the trial judge; he does not, under this rule, have to rule upon any matter presented by the litigants in making his determination. The rule provides for affirmative action. It grants to the trial judge, charged with the duty of seeing to it that disputed facts are properly resolved, *carte blanche* authority to "in [his] its discretion" or in other words, "if he so chooses," enlist the aid of a jury in the performance of his judicial duties. In the exercise of this authority he is subject to no limitation or restraint other than his judicial conscience may impose.

Trial by jury, a cherished appurtenance to our judicial process, is not bad per se, and abuses or failures, when they occur, are subject to correction by the court. Prejudicial error cannot arise out of permitting a jury to pass upon questions of fact.

MR. JUSTICE MOORE and MR. JUSTICE KNAUSS join in the foregoing.

MR. JUSTICE FRANTZ specially concurring:

The tardy request for a jury trial in this case was ineffectual. By Rule 7 (b) (1), R.C.P. Colo., it is required that to be relieved from the operation of Rule 38 (d) the moving party "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." No reasons were given for the failure to make a timely request for a jury trial. Under these circumstances, the request for a jury trial should have been denied. Could the trial court on its own motion set the cause for trial to a jury?

It is provided by Rule 39 (b) that where a demand for a jury trial has not been made, "the court in its discretion may order a trial by a jury of any or all issues." The weighted words in the latter rule are "in its discretion," which words are in effect disregarded by the other opinions. The exercise of discretion connotes action that is not arbitrary, vagarious or capricious; it involves the use of judgment on the part of the court after a consideration of the circumstances which would move the court to act.

Judicial discretion "implies the absence of arbitrary determination, capricious disposition, or whimsical thinking, imports the exercise of discriminating judgment within the bounds of reason, and is governed by the situation and circumstances affecting the exercise thereof." 27 C.J.S., p. 292.

In order to determine whether discretion has been exercised, we must evaluate the action of the trial court

in relation to what is presented to it for disposition. Ordinarily, the situation and circumstances will resolve the problem. But the instant record is devoid of such factors. The record being in such plight, we must next resort to what the trial court said concerning its action. Somehow the trial court must be moved to act, and whatever provoked action must appear in the record.

The ruling of the trial court is ambiguous in that it cannot be determined whether action was on defendant's motion or the court acted on its own motion. A record in such uncertain state requires us to presume that regularity attended and that the court acted on its own motion. It is clear that the court ordered a trial by a jury because no prejudice would result thereby to the plaintiff; the trial court so advised as to what prompted it to order a trial by jury. Absent any prejudice in the premises, it is difficult to say that the trial court failed to exercise discretion.

For these reasons I specially concur.