No. 22048.

CAPITOL INDUSTRIAL BANK, A CORPORATION *v.* ROGER B.
STRAIN, DR. T. K. KOBAYASHI (T. K. MEDICAL BUILDING),
AND THE 1450 CORPORATION, A CORPORATION.
(442 P.2d 187)

Decided June 10, 1968.

HYMAN D. LANDY, for plaintiff in error.

SANFORD B. HERTZ, for defendant in error The 1450 Corporation.

*In Department.*

Opinion by CLIFFORD H. DARROW*.

*District judge sitting under assignment of the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

THIS controversy is between Capitol Industrial Bank, the creditor, which had judgment in the trial court against Roger B. Strain for the sum of $421.03, and The 1450 Corporation, as assignee of certain accounts of Strain, and involves garnishment proceedings following the entry of the judgment. From an adverse ruling and judgment, the creditor in those proceedings resorted to this writ of error. Only the two parties mentioned have appeared in this court.

The decisive question before us is: Was the procedure followed by the trial court in the hearing and determination of this dispute lawful?

There is no serious disagreement as to the material facts.

On June 19, 1964, the judgment was rendered; on June 4, 1965, an execution was issued to satisfy the judgment; and, on the same date, a writ of garnishment was issued in aid of execution which was, on June 7, served upon the garnishee, Dr. T. K. Kobayashi.

The garnishee answered on June 8, 1965 (filed June 10). He stated that "For demolition as per our contract of 5/19/65, we will owe [Strain] the sum of $3,645.00 upon completion of work as specified. However, at the time of signing of the contract, Roger Strain assigned the full amount to '1450 Corporation' who according to Mr. Strain is financing his operations."

On June 30, The 1450 Corporation filed its motion to intervene and quash garnishment, stating therein the grounds upon which it relied. Contrary to regular practice, no pleading accompanied the motion and none was filed.

On the same date, The 1450 Corporation served notice upon the creditor that on July 6, 1965, it would request the trial court to set its motion for hearing, and July 21 was set as the hearing date.

Counsel appeared in the trial court on July 21, ostensibly for the purpose of a hearing upon the motion to intervene and to quash. Instead, the trial court, against

the protests of the creditor, proceeded to a hearing upon the merits. Counsel for the creditor repeatedly offered to confess the motion to intervene. He contended that the court could at this stage of the proceedings hear and determine only the motion to quash. The creditor announced that it intended to set forth certain defenses to the pleading which it maintained should be filed by the intervenor. One defense would be that the alleged assignment from Strain to the intervenor, although absolute on its face, was merely for the purpose of security. The other defense would be that the assignment was void.

Over the objections of counsel for the creditor the trial court continued with the hearing on the merits; it granted the motion to quash and ruled that the intervenor's claim was superior to that of the creditor. Accordingly, judgment was entered in favor of the intervenor. Motion for new trial was filed by the creditor and overruled.

■■ First: In garnishment proceedings intervention is governed by R.C.P. Colo. 103(n), which provides that a party shall proceed in accordance with Rule 24. The latter rule requires that a motion to intervene shall be filed, and, further, that it shall be accompanied by a pleading. The rules specify that the motion shall set forth the grounds for intervention, while the pleading shall state the claim of the intervenor, each being distinct from the other.

■ Second: A motion is not a pleading. This is so although the two have similar formal parts and even though certain defenses may be raised by motion. The filing of a motion to intervene, alone, is not sufficient. The positive requirement of the Colorado Rules of Civil Procedure is that a pleading must also be filed. Parties litigant have a right to rely upon the rules as written. It is the duty of trial courts, as well as our duty, to enforce them when timely objection is made by a party to litigation. *Continental Air Lines, Inc. v.*

*City and County of Denver,* 129 Colo. 1, 266 P.2d 400; *Smith v. Woodall, County Treasurer,* 129 Colo. 435, 270 P.2d 746. The failure of the trial court to insist on compliance with the rules in this case amounted to a denial of the defenses which the creditor proposed to plead to the intervenor's claim, if and when filed.

Third: It was error for the trial court to quash the garnishment. The writ of garnishment was issued in accordance with R.C.P. Colo. 103, and the answer and return of the garnishee was made within the time prescribed by rule. The regularity of the garnishment proceeding was not attacked. The motion to quash was based wholly upon the claimed right to intervene; and the intervenor tacitly recognized the validity of the proceedings by having filed its motion to intervene therein.

Plainly, we think that even under the liberal practice adopted in Colorado, the intervention proceedings fail to show the essential characteristics of proper procedure as prescribed by the Colorado Rules of Civil Procedure, and all to the detriment of the creditor. A compliance with the traditional rule of due process is as imperative in garnishment proceedings, whether ancillary or in aid of execution, as in the principal case itself.

The judgment is reversed and the cause remanded with directions to reinstate the writ of garnishment and the answer thereto; and it is ordered that from and after the date upon which remittitur shall be issued in this cause, the intervenor shall be allowed twenty days to file a pleading, after which this cause shall proceed in accordance with the Colorado Rules of Civil Procedure.

Mr. Chief Justice Moore, Mr. Justice Hodges and Mr. Justice Kelley concur.