481 P.2d 741 (1971)
John F. SHUMAN and Bonnie E. Shuman, Plaintiffs in Error,
v.
Harold R. TUXHORN and Iris Jean Tuxhorn, Defendants in Error.
No. 70-515, (Supreme Court No. 24018.)
Colorado Court of Appeals, Div. I.
January 19, 1971.
Rehearing Denied February 9, 1971.
Certiorari Denied March 22, 1971.
Holland & Hart, Edwin S. Kahn, Denver, for plaintiffs in error.
Mancini & Lowery, Stewart A. Shafer, Jr., Denver, for defendants in error.
Selected for Official Publication.
PIERCE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties appear here in reverse of their order of appearance below and will be referred to as they appeared at trial or by name.
This case involves a dispute between two neighboring property owners regarding the construction of an earthen division on the property of one of them, which allegedly had caused, and in the future would cause, damage to the neighboring property.
Plaintiffs filed a complaint alleging two claims for relief. The first alleged an intentional tort and, among other things, requested exemplary damages. The second claim alleged negligence and prayed for a permanent injunction requiring defendants to remove the dam, refill a ditch which would return the waters of West Bijou Creek to their natural course, and for damages. At the end of their complaint, plaintiffs endorsed an unqualified demand for a jury trial, pursuant to R.C.P.Colo. 38(a) and 38(b). Defendants made no objection. A pretrial order was entered setting the case for a jury trial as requested by plaintiffs.
Prior to trial, the case was assigned to another judge. The jury was impaneled and a three-day trial ensued. The court granted defendants' motion for dismissal of the intentional tort claim and plaintiffs' request for exemplary damages. The trial proceeded on plaintiffs' second claim for relief. After plaintiffs had rested their *742 case, defendants moved for dismissal of the equitable aspects of the case, but the court held the motion to be premature and that it would reserve its ruling until a later date. The case was submitted to a jury which returned a verdict in favor of plaintiffs in the amount of $650. The court thereupon ordered "that the verdict be received and the judgment entered thereon," giving the parties 20 days to file motions directed to the verdict of the jury. No such motion was filed within the time specified.
The court set plaintiffs' prayer for an injunction for hearing on a later date, indicating that it would like to view the property involved to aid in its determination of the scope of any injunction which might issue. On September 26, 1968, the court denied plaintiffs' request for an injunction, but ordered that the amount of damages awarded the Tuxhorns be raised to $2,616 from the original $650 awarded by the jury. It is the entry of this order which constitutes defendants' sole ground for writ of error.
Plaintiffs contend that the trial court was not bound by the jury's verdict and properly disregarded it since the action sounded in equity. Citing Esselstyn v. United States Gold Corp., 59 Colo. 294, 149 P. 93, plaintiffs contend that where a suit is in equity the court has the right to treat any verdict as advisory. It should be noted, however, that Esselstyn involved the right to a jury trial, not the effect of a verdict (other than by way of dicta) since none had been rendered by the jury, and further that it was decided before the adoption of the Rules of Civil Procedure.
The first indication in the record that the trial court was treating the jury in an advisory capacity arose in the hearing on defendants' motion for new trial when the court stated that prior to trial, in a discussion off the record, it had informed the parties that it "considered this to be an advisory jury." Counsel for defendants denied any knowledge of such a statement by the trial judge and stated that it was not his understanding that the jury was to sit in an advisory capacity.
Defendants contend that the jury's verdict in this case could not be taken by the court as advisory, even if the action did sound in equity. Under R.C.P.Colo. 39, the circumstances in this case gave rise to a trial by consent, and the jury's verdict should have the same effect as if it were a common law verdict. Rule 39(c) reads, in part, as follows:
"Advisory Jury and Trial by Consent. In all actions not triable by a jury the court upon motion or of its own initiative may try any issue with an advisory jury, or * * * the court, with the consent of both parties may order a trial with a jury."
An unqualified demand for a jury trial was made by plaintiffs in this case, and defendants made no objection. The pretrial order stated that the case would be tried to a jury and no mention at that time was made of its advisory capacity. We find no evidence of (nor do plaintiffs allege) any consent on the part of defendants to a change in the stature of the jury to an advisory capacity after the pretrial order.
Young v. Colorado National Bank, 148 Colo. 104, 365 P.2d 701, is dispositive of the issues before us. In that case, the Supreme Court, in construing R.C.P.Colo. 39(c), stated:
"* * * Once court and counsel embark upon a non-jury statutory proceeding in such manner that it is treated as a jury case, the only way the status of the jury may be changed thereafter is by agreement.
Where the plaintiff demands a jury trial of a non-jury case and neither the defendant nor the court objects, consent to such trial is deemed to have been given, and the jury's verdict has `the same effect as if a jury trial had been a matter of right.' * * * The unilateral act of the trial court in changing the case from one of trial by consent to one in which an advisory verdict would be received *743 was error; such change could only have been accomplished by agreement of the parties and the court."
The plaintiffs contend that Young v. Colorado National Bank, supra, is distinguishable from the present situation in that the Young case involves a statutory annulment proceeding and not an equity action, as is the case before us, and that jury trial by consent does not extend to equitable proceedings. We do not construe Young to read Rule 39(c) that narrowly. In that case, the court held "that a suit for the annulment of a marriage is a statutory proceeding in which the court exercises equity powers." In Young, as in this case, plaintiffs were not entitled to a jury trial as a matter of right, but a jury trial under Rule 39(c) was held to be available if consented to by the parties and the court. The mere fact that an action is in equity does not bar the parties from a jury trial by consent wherein the jury's verdict has the same effect as it would at common law. Kelly v. Shamrock Oil & Gas Corp., 5 Cir., 171 F. 2d 909, cert. denied 337 U.S. 917, 69 S.Ct. 1159, 93 L.Ed. 1727, 5 Moores Federal Practice, § 39.11.
For the reasons stated above, the trial court's direction that the jury's verdict be increased is reversed and the original verdict of $650 reinstated.
Judgment is reversed and remanded for reinstatement of the jury verdict.
DWYER and DUFFORD, JJ., concur.