OPINION OF THE COURT
Margaret Taylor, J.
This nonpayment proceeding was commenced by petitioner landlord in August of 1982. On August 23, 1982 respondent tenant served her answer and a jury demand upon petitioner. The case was placed on the nonpayment, nonjury calendar for August 31, 1982, since respondent had not paid the fee for the jury demand. From August 31 until September 16, 1982 the parties engaged in procedural negotiations. On September 10, 1982 it became apparent to both attorneys that such negotiations were fruitless and respondent’s attorney paid the jury fee. Petitioner moved to strike the jury demand by notice of motion dated September 23, 1982.
The issues presented are (1) whether a tenant may be denied her/his constitutional right to a jury trial merely on *372 the basis of a general “incorporation clause” contained in a proffered lease renewal and (2) whether the tenant’s failure to make the jury demand at the time of answering constitutes a waiver of her/his right to a jury trial.
On October 20, 1981 respondent received a letter from petitioner presenting her with the option of selecting a one-, two-, or three-year lease renewal as her current lease was due to expire on October 31,1981. The letter instructed the tenant to place her/his initials beside the desired lease. A copy of this proffered renewal lease shows that respondent initialed the three-year lease option.
The material language contained in this letter is as follows: “The signing by you of this lease renewal, together with all riders attached, shall constitute a binding agreement between us and will incorporate all other terms of the prior lease, except wherein specifically modified, changed or amended herein. Return all copies of this renewal agreement, together with the additional security within sixty (60) days from the date above. Upon receipt of the signed copies, we will return to you an executed copy.” Petitioner contends that this form renewal notice constitutes a lease renewal for the period November 1, 1981 through October 31, 1984 and by initialing and signing this form, which contained the above-cited “incorporation clause”, respondent waived her right to a jury trial.
As the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver. (Aetna Ins. Co. v Kennedy, 301 US 389, 393.) In both criminal and civil cases, where waiver of the right is asserted, the burden rests with the party who seeks to enforce it. That party must demonstrate that there was a clear, knowing and intelligent waiver. (407-88 Assoc. v Sawyer, 83 Misc 2d 300, 301.)
Petitioner contends that the proffered lease renewal incorporates all terms of the prior lease and has the force and effect of a waiver of respondent’s constitutionally guaranteed right to a jury trial. While this type of general “incorporation clause” may be permissible as it relates to other lease provisions (i.e., regarding fire and casualty liability, access to the premises, window cleaning), the *373 right to a jury trial cannot be deemed waived in this manner. Waiver of this constitutionally protected right must be unambiguous. The tenant must make a conscious decision to relinquish this right by signing a writing which contains an express jury waiver clause.
Petitioner contends that the case of Agosti v Catrambone (NYLJ, May 7, 1982, p 6, col 2) is precisely on point and resolves the issue in controversy. However, in that case not only did the tenant sign the proffered renewal lease, but the very paper the tenant signed contained a jury waiver clause. That being the case, the tenant had sufficient notice that he was surrendering this important right; he assented to the jury waiver by signing the paper. Thus, the case of Agosti v Catrambone is distinguishable from the instant proceeding since the proffered renewal lease in this case does not expressly contain a jury waiver clause.
Despite petitioner’s contention that the “incorporation clause” serves to carry forward all terms, including the jury waiver provision of the original lease, this court holds that a catchall clause of this kind is insufficient to constitute the clear, knowing, voluntary waiver that is constitutionally required.
The landlord’s second argument is based on subdivisions (a) and (b) of section 1303 of the CCA which requires that a jury demand be made by the tenant at the time of answering, that the party making the demand shall at that time pay the appropriate fee to the clerk and unless that fee is paid the jury trial is waived. There is no dispute that there was a failure on the part of the tenant to pay the jury fee required at the appropriate time. However, subdivisions (a) and (b) must be read in conjunction with subdivision (c) which provides that the “Court may relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result.”
It is undisputed that the landlord was put on notice that the tenant demanded a jury trial when the tenant’s answer was served. Indeed, the landlord was unaware that the jury fee had not been timely paid until the tenant served its papers opposing the instant motion sometime after September 16, 1982 (the date the jury fee was paid). *374 Until that date, it appears that the landlord acted upon the assumption that the jury fee had been paid at the time the demand was served. The landlord can, therefore, hardly claim prejudice as a result of the late payment. In light of the foregoing, this court, exercising the discretion given to it by statute, hereby relieves the tenant from the effect of her failure to comply with the provision of the statute requiring payment at the time of answering.
For the reasons set forth above, the landlord’s motion to strike the jury demand is denied. The matter is set down for a jury trial in Part 53 on January 5, 1983.