**Howard U. MOTZ and Zemlock & Son, Inc., a Colorado corporation, Plaintiffs-Appellants,**

**v.**

**Joe JAMMARON, Defendant-Appellee.**

**No. 82CA0466.**

Colorado Court of Appeals, Div. I.

June 30, 1983.

Rehearing Denied July 28, 1983.

Certiorari Granted Feb. 6, 1984.

Delaney & Balcomb, P.C., Kenneth Balcomb, John A. Thulson, Glenwood Springs, for plaintiffs-appellants.

T. Peter Craven, P.C., T. Peter Craven, Glenwood Springs, for defendant-appellee.

BABCOCK, Judge.

This is a declaratory judgment action arising out of a lease agreement between plaintiffs, Howard U. Motz and Zemlock & Son, Inc., (lessees) and defendant, Joe Jammaron (lessor). Lessees, while in possession of the leased premises, sought a declaration from the trial court that the lease was valid and enforceable. Lessor denied the existence of the lease alleging that he had terminated the lease upon lessees' material breach of conditions of the agreement, and he counterclaimed for possession of the premises, alleging termination of the lease and service of the appropriate notice to quit. The trial court granted lessees' request for preliminary injunction, but denied their motion to strike the jury demand

filed by lessor. The jury verdict was in favor of lessor.

Lessees contend on appeal that the trial court erred in denying their motion to strike the jury demand. This contention presents two issues for resolution: (1) Did the trial court err in denying lessees' motion to strike lessor's jury demand; and (2) if so, what is the appropriate remedy on remand.

## I.

In Colorado a litigant is not entitled to a jury trial in a civil action as a matter of right. *Colo. Const.* Art. II, sec. 23; *Gleason v. Guzman*, 623 P.2d 378 (Colo. 1981). The right to a jury trial in civil cases exists only when set forth by statute or rule of court. *Kaitz v. District Court*, 650 P.2d 553 (Colo.1982); *In re Trust of Malone*, 658 P.2d 284 (Colo.App.1982).

C.R.C.P. 38(a) states:

"Upon demand, in actions for the recovery of specific real or personal property, with or without damages or for money claimed as due on contract, or as damages for breach of contract, or for injuries to person or property, an issue of fact must be tried to a jury. However, after demand a jury trial may be waived by stipulation of the parties."

The pertinent provision of the statute governing declaratory judgment actions, § 13–51–113, C.R.S.1973, states: "When a proceeding under this article involves the determination of an issue of fact such issue may be tried and determined in the same manner as issues of facts are tried and determined in other civil actions in the court in which the proceeding is pending."

In *Neikirk v. Boulder National Bank*, 53 Colo. 350, 127 P. 137 (1912), construing the right to jury trial afforded under the former procedural rule from which C.R.C.P. 38(a) is derived, the court held that the character of the action in which the issue is joined determines whether an issue of fact must be tried to a jury; that the foreclosure of a mortgage is an equitable proceeding; and that the issues joined therein must be tried by the court. And, only the plaintiff's complaint fixes the nature of the suit as one at law or in equity. *Miller v. District Court*, 154 Colo. 125, 388 P.2d 763 (1964). Recently, this court iterated this principle stating that: "C.R.C.P. 38(a) has been construed to grant the right to trial by jury only in actions at law *as determined by the original complaint*". *In re Trust of Malone, supra* (emphasis added).

If the plaintiff's complaint joins or commingles legal and equitable claims, the court must determine the basic thrust of the action as being equitable or legal in nature. *Miller v. Carnation Co.*, 33 Colo. App. 62, 516 P.2d 661 (1973). Moreover, in multiple claims actions, the right to a jury trial has been denied to parties litigant who have interposed legal counterclaims or crossclaims if the original complaint states a cause of action in equity. *See Miller v. District Court, supra;* 4 *V. Dittman, Colorado Practice* 3 (1966).

In this case lessees' complaint alleges the following: The execution in August 1967 of a written lease agreement for realty; their exercise of the option to renew on December 2, 1980; acknowledgement of the renewal by lessor; service of the December 27, 1980, notice of termination by lessor; service of the June 11, 1981, notice to vacate by lessor; their entitlement to the possession, use, and enjoyment of the property; lessor's wrongful interference with their enjoyment, possession, and use of the property; resulting damages; and the need for judicial construction and interpretation of the lease agreement. The prayer in the complaint seeks the following relief: A judgment declaring the agreement and lease to be in full force and effect; an adjudication of the rights of the parties with respect to the property; a decree determining the parties respective interests in

the property; a restraining order; and damages and costs.

We conclude that the basic thrust of lessees' action is equitable in nature. The essential relief requested by lessees is judicial enforcement of what lessees claim to be a binding lease agreement. Although not specifically delineated as such, their complaint states a cause of action for specific performance. *See Bechmann v. Taylor*, 80 Colo. 68, 249 P. 262 (1926); *Restatement (Second) of Contracts* § 357(1) (1979). While lessees' prayer for injunctive relief was incidental to the primary relief sought, it indicates the equitable nature of their cause of action. *Gibson v. Angros*, 30 Colo.App. 95, 491 P.2d 87 (1971); *Restatement (Second) of Contracts* § 357(2) (1979). Therefore, lessor does not have a right to a trial by jury. *Plains Iron Works Co. v. Haggott*, 72 Colo. 228, 210 P. 696 (1922).

Lessor's reliance on *Baumgartner v. Schey*, 143 Colo. 373, 353 P.2d 375 (1960), is misplaced. In *Baumgartner*, the owner of the real property brought the declaratory judgment action claiming that the lessees were in possession of the real property without lease agreement. The court concluded that plaintiff's action was in the nature of ejectment, an action at law, and therefore he was entitled to a trial by jury. Here, on the other hand, lessees in possession of the real property, sought a judicial determination against the lessor that there was a valid and enforceable lease. This constitutes an action in equity.

In view of the foregoing, we conclude that the trial court erred in denying lessees' motion to strike the jury demand filed by lessor.

## II.

Turning to the appropriate remedy for the erroneous denial of the motion, we first note that the provisions of C.R.C.P. 39 are clear and unambiguous. C.R.C.P. 39(a) contemplates that the right to a jury trial shall be preserved only in those cases where the right exists by rule or statute. This is evident by virtue of the exceptions to the right to jury trial provided therein. And a litigant may raise the issue of the propriety of the demand for trial by jury by motion to the court.

Although C.R.C.P. 39(b) grants discretion to the trial court to order a trial by jury without demand, *see Jaynes v. Marrow*, 144 Colo. 138, 355 P.2d 529 (1960), such discretion is bounded by the proviso that the order be made only in an action in which the demand might have been made in the first place. *See* C.R.C.P. 38(a) and 39(b). Nowhere is discretion or authority given to the trial court to grant a jury trial over a litigant's meritorious motion to strike the demand.

■ We have found no Colorado decision dealing with the relief afforded to a litigant if the trial court erroneously denies a motion to strike a jury demand. However, where the right to a trial by jury in a civil action exists, the courts have not hesitated to enforce that right. *See Gleason v. Guzman, supra.* Moreover, litigants have a right to rely upon the Rules of Civil Procedure as written, and it is the duty of the courts to enforce them when timely objections are made in reliance on the clear and unambiguous language of the rules. *Capitol Industrial Bank v. Strain*, 166 Colo. 55, 442 P.2d 187 (1968).

Prejudice to lessees is apparent by virtue of the trial court's treatment of the jury verdict, in this case, as a binding common law verdict, rather than a nonbinding advisory verdict. *See Young v. Colorado National Bank*, 148 Colo. 104, 365 P.2d 701 (1961); *Shuman v. Tuxhorn*, 29 Colo.App. 152, 481 P.2d 741 (1971); C.R.C.P. 39(c). Lessees did not consent to trial by jury in this nonjury action; hence, the verdict did not become a binding common law verdict. *Young v. Colorado National Bank, supra.*

In light of these considerations, we conclude that under C.R.C.P. 38(a) and C.R.

C.P. 39 the rights of the litigants are substantial, reciprocal, and enforceable as such. Therefore, we hold that the erroneous denial of a motion to strike a jury demand made pursuant to C.R.C.P. 39(a) constitutes reversible error.

In so holding we are not unmindful that the Rules of Civil Procedure must be liberally construed to secure the just, speedy, and inexpensive determination of every action. C.R.C.P. 1(a). Consequently, we conclude the remand will afford the trial court the option of entering its independent findings of fact and conclusions of law as required by C.R.C.P. 52, or in the alternative, in granting the lessees' motion for a new trial, the same to be held to the court.

The judgment upon the jury verdict is reversed and the cause is remanded with directions to grant the lessees' motion to strike lessor's jury demand and to enter independent findings of fact and conclusions of law based upon the record now made, or in the alternative, for new trial to the court.

PIERCE, J., concurs.

VAN CISE, J., dissents.

VAN CISE, Judge, dissenting:

I respectfully dissent.

On the facts and the pleadings in this case, it is a very close question whether the nature of this suit is one at law or in equity. However, even if the majority is correct in concluding that the complaint is basically in equity and that, therefore, the trial court erred in denying lessees' motion to strike the jury demand, I would not consider that error as a basis for reversal. As stated by Justice Hall in *Jaynes v. Morrow*, 144 Colo. 138, 144, 355 P.2d 529, 531 (1960):

"Trial by jury, a cherished appurtenance to our judicial process, is not bad per se, and abuses or failures, when they occur, are subject to correction by the court. Prejudicial error cannot arise out of per-mitting a jury to pass upon questions of fact."

Inasmuch as the other contentions of alleged error were not properly raised for appellate review, I would affirm the judgment.