Ashbel A. McCONNELL, Petitioner,

v.

DISTRICT COURT In and For the COUNTY OF ARAPAHOE, Eighteenth Judicial District, State of Colorado and The Honorable Thomas C. Levi, District Judge, Respondents.

No. 83SA188.

Supreme Court of Colorado,
En Banc.

April 30, 1984.

Jay S. Horowitz, Gregory D. Schetina, Denver, Joseph J. Hahn, Springfield, Va., for petitioner.

Richard Brean, Pittsburg, Pa., Joseph M. Goldhammer, Denver, for respondents.

ROVIRA, Justice.

Petitioner, Ashbel A. McConnell, filed this original proceeding under C.A.R. 21 seeking relief in the nature of mandamus. He challenges the trial court's order which denied his request that the Clerk of the District Court be ordered to accept payment of petitioner's jury fee, or, alternatively, for an order granting petitioner a trial by jury pursuant to C.R.C.P. 39(b). We issued a rule to show cause and now discharge the rule.

## I.

On June 14, 1982, petitioner filed a complaint in the Arapahoe County District Court against certain named individuals and the United Steelworkers of America, alleging negligent and intentional infliction of emotional distress and intentional interference with his contract of employment with Gardner-Denver Company. He asked for actual and exemplary damages. A demand for a jury trial was endorsed on the complaint.

At the time the complaint was filed, the local rule of the district court relating to jury fees was Rule VII, which provided:

"Rule VII. Fees and Costs—Jury Fees. Section 1. The parties shall pay and the clerk shall collect in advance all fees of every kind or nature provided by statute or rule. No papers, documents, or process shall issue by the clerk or be permitted to be filed until such fees covering such filing are collected, except in cases where no fees are required by law or order of the court."

At the time petitioner's complaint was filed, he did not tender the jury fee.

On July 1, 1982, C.R.C.P. 121 became effective. It established statewide practice standards, and section 1–3, relating to jury fees, provided that:

"A party demanding a trial by jury provided for in C.R.C.P. 38 shall pay to the clerk of the court the statutory jury fee at the time such demand is made. The jury fee shall not be returned under any circumstances, but shall be paid over by the clerk as required by law. Payment of the jury fee by one of multiple parties requesting a jury shall be sufficient. Failure to pay the jury fee at the time of filing the demand shall constitute a waiver of the demand for a jury trial."[1]

On November 23, 1982, petitioner filed a motion for an order directing the clerk of the court to accept payment of his jury fee or, alternatively, for an order granting petitioner a jury trial pursuant to C.R.C.P. 39(b). Following oral argument, the respondent trial court denied the request to order the clerk to accept the jury fee. It applied Rule VII, which was in effect at the time the complaint was filed, and held that since the jury fee was not paid at the time the case was filed, petitioners were not entitled to a jury trial. Further, since C.R.C.P. 121 had been published in advance of its effective date, petitioner was on notice of the requirement of section 1–3, and should have paid the jury fee on or before July 1, 1982. The respondent also denied the request for relief pursuant to C.R.C.P. 39(b).

## II.

The exercise of jurisdiction in an original proceeding in the nature of mandamus is discretionary and is governed by the circumstances of the case. *People v. District Court,* 673 P.2d 991 (Colo.1983); *Sanchez v. District Court,* 624 P.2d 1314 (Colo. 1981). An original proceeding is not a substitute for an appeal. *Halliburton v. County Court,* 672 P.2d 1006 (Colo.1983); *Coquina Oil Corp. v. District Court,* 623 P.2d 40 (Colo.1981). However, we have exercised our original jurisdiction "when a procedural ruling will have significant effect on a party's ability to litigate the merits of the controversy." *Eagle River Mobile Home Park, Ltd. v. District Court,*

---

**1.** The Committee Comment to section 1–3 stated:

"This Practice Standard is designed to make handling of collection of jury fees uniform throughout the state. The standard was necessary because some districts permitted no refund and others did. Some districts required the fee to be paid within the time allowed for jury demand, others permitted it to be paid at any time. Some considered failure to pay the jury fee at the outset of the case a waiver of the right to jury trial and others did not. Some districts required each party demanding a jury to pay the fee, so that there was a duplication based on the fortuity of multiple parties. It was deemed preferable by the committee to have one nonrefundable jury fee paid and to have it payable within the time prescribed for jury demand. This approach should substantially lessen administrative handling by the district and make it clear and uniform throughout the state that if the jury fee is not timely paid, there is a waiver of the right to a jury trial."

647 P.2d 660, 662 (Colo.1982); *Varner v. District Court*, 618 P.2d 1388, 1390 (Colo. 1980). Similarly, whether petitioner receives a jury trial may have significant effect on this litigation. In addition, exercising original jurisdiction over issues like the present one may prevent needless delay, *see Halliburton*, 672 P.2d at 1009, and may prevent unnecessary burdens on the lower courts. We conclude that the exercise of original jurisdiction is appropriate under the circumstances of this case.

### III.

■ Respondent found that, under local Rule VII, petitioner is not entitled to a jury trial. Since this case was filed prior to the effective date of C.R.C.P. 121, it was appropriate for the trial court to use the local rule. *See* C.R.C.P. 1(b). Moreover, we conclude that respondent's interpretation of the local rule is correct. Although the trial court's reasoning is not entirely clear, we conclude it found that petitioner waived his demand for a jury trial. Rule VII supports this rationale. Rule VII provides that "[t]he parties shall pay and the clerk shall collect in advance all fees .... No papers, documents, or process shall ... be permitted to be filed until such fees covering such filings are collected ...." The trial court's construction of this rule is reasonable: the jury fee must be paid at the time the demand is filed, and if the rule is not followed, then the demand is waived.[2] Further, this local rule is consistent with the rules of civil procedure adopted by this court.[3] *Pittman v. District Court*, 149 Colo. 380, 369 P.2d 85 (1962).

### IV.

Petitioner also argues that respondent abused its discretion by not granting a jury trial under C.R.C.P. 39(b). We disagree.

■ C.R.C.P. 39(b) states that "notwithstanding the failure of a party to demand a jury in an action in which such demand might have been made, the court in its discretion may order a trial by a jury of any or all issues." We agree with petitioner's view that C.R.C.P. 39(b) can be applied here. When a jury demand is waived, for the purposes of this rule the party has in effect failed to demand a jury.

■ Nonetheless, a trial court's discretion under this rule is very broad. In *Jaynes v. Marrow*, 144 Colo. 138, 355 P.2d 529 (1960), we held that C.R.C.P. 39(b) grants extensive discretion to trial courts in determining whether a jury should be used. Three justices concluded that the trial court correctly ruled under C.R.C.P. 39(b), "and in so doing the court may exercise its discretion without interference from this court," although " 'judicial discretion must have some rational basis. It is not synonymous with judicial whim or caprice.' " *Jaynes*, 144 Colo. at 140, 355 P.2d at 530. Three other justices determined that the trial court had ruled incorrectly under C.R.C.P. 38, but that the error was harmless because C.R.C.P. 39(b) grants to the trial court "*carte blanche* authority to 'in ... its discretion' or in other words, 'if he so chooses' enlist the aid of a jury in the performance of his judicial duties. In the exercise of this authority he is subject to no limitation or restraint other than his judicial conscience may impose." *Jaynes*, 144 Colo. at 143, 355 P.2d at 531.

■ Here, the failure of the petitioner to timely tender his jury fee provides a rational basis for respondent's C.R.C.P. 39(b) ruling. If rules about procuring a jury trial are to have any impact, then C.R.C.P. 39(b) should not be used to overcome such rules. In addition, no evidence

---

**2.** Petitioner urges that the practice under Rule VII had been to pay the jury fee at any time prior to trial. But no evidence was introduced to support this assertion. Under these circumstances, we must rely on the wording of Rule VII in determining whether the trial court's interpretation is correct.

**3.** C.R.C.P. 121, which became effective before the hearing on whether a jury trial should be granted to petitioner, provides: "Failure to pay the jury fee at the time of filing the demand shall constitute a waiver of the demand for a jury trial."

indicates that the trial court acted in bad faith, with an improper motive, or in any way contrary to a sound judicial conscience. Therefore, we find that respondent did not abuse the discretion given to it under C.R.C.P. 39(b). The rule is discharged and the cause is remanded for further proceedings in accordance with the views expressed in this opinion.

KIRSHBAUM, J., dissents and NEIGHBORS, J., joins in the dissent.

KIRSHBAUM, Justice, dissenting:

I respectfully dissent. I find no indication, by express language or by implication, in Arapahoe County District Court Local Rule VII that a party who has timely demanded a jury trial is required to pay the requisite jury fee at the time such demand is made. According to the rule, the fee must simply be paid "in advance." In the absence of any suggestion of delay or of prejudice to the opposing party, petitioner's payment of such fee in advance of the commencement of trial satisfies the spirit as well as the letter of this local rule. *See, e.g., Ledman v. G.A.C. Finance Corp.,* 213 A.2d 246 (D.C.App.1965); *see also, e.g., Holrod Assoc. v. Tomanovitz,* 117 Misc.2d 371, 458 N.Y.S.2d 156 (N.Y.City Civ.Ct. 1982). Therefore, I would make our rule absolute and direct respondent district court to proceed to a jury trial.

I am authorized to state that Justice NEIGHBORS joins in this dissent.