Cunningham, Presiding Judge.
Appellee Gove, as plaintiff below, recovered judgment in the district court against the Peeps Fixture Company, appellant, on a promissory note which it was alleged was executed by the Fixture Company, and delivered to one Frazier, who assigned the same to plaintiff. The answer sets up several defenses, but, in the view we take of the case, it is not necessary to give any particular consideration to these defenses, or ‘to the defects therein. The answer stated a good defense; indeed, it is not contended on behalf of plaintiff that it did not do so.
Under the pleadings and the evidence the case was clearly one for a jury, but the defendant was denied the right to a jury trial, said denial being based upon the following facts, so far as we are able to glean them from the record: On the 20th day of November, 1909, the plaintiff’s counsel served written notice upon defendant’s counsel that he would ask to have the case set down for trial. Defendant’s counsel signed a receipt for a copy of the notice, or indicated thereon that he had received a *151 copy of the same, on the date last aforesaid. The case was set down for trial on December 8, 1909. On December 2, six days before the trial, connsel for defendant filed a motion asking that the order setting the case for trial on December 8 be vacated, and that an order be entered setting the case for trial at.the convenience of the court, but at a time when the jury was in attendance. In his motion defendant’s counsel specifically demanded and insisted upon the right of his client to a jury trial. The court took this motion under advisement, and did not rule thereon until the date of the trial, December 8, when it denied the motion. Upon the overruling of defendant’s motion the following colloquy occurred between the court and the counsel for defendant, which we quote without abridgement:
“The Court: Under a rule of this court, when notice is served setting a case for trial upon its merits, the rules of the court require that the notice shall indicate whether it is a trial to the court or a trial to a jury, and if the notice doesn’t indicate whether it is a trial to the court or a trial to a jury, and if the notice doesn’t indicate on the part of the counsel serving the notice upon counsel receipting for the notice, it is set for trial to the court.
“Mr. Stair [Attorney for Defendant]: The defendant excepts for the reason that the original notice had no indication as to whether or not a jury would be asked for; that counsel for the defendant was not aware of a rule of court to that effect, and in order to remedy the error put in a specific motion (six days before the trial) for a jury.
‘‘The Court: The rule to which the court has called counsel’s attention is printed and published in the rules of this court, and you are bound to take notice of them. ’ ’
All that we know with reference to the rule of the trial court referred to is what appears in the colloquy *152 just quoted, from which it would appear that there was a rule of the Denver district court requiring that all notices to have cases set should indicate whether the case required a trial to the court or a trial to the jury, and if the notice did not so indicate (and the notice in this case did not, apparently), then it would be assumed by the trial judge that it was a trial for the court, and the case would be set down for trial accordingly. If the rule of the district court has been correctly stated, and we must so assume, since no objection is taken on this point, then it is within the power of the attorney who serves notice upon his opponent to force the case to be tried without a jury, simply by omitting from the notice any statement with reference to whether the case was or was not a jury case. We think it is too clear for argument that such a rule is more honored in the breach than in the observance. Courts are not made for rules, but rules are made for the courts and for litigants appearing therein. It might have been the duty of defendant’s counsel when this notice was served upon him to immediately demand a jury, instead of delaying until six days before the case was called for trial, but, according to the rule as stated by the court, his demand would have been just as unavailing if made immediately upon receipt of the notice, as it was held to be when he made it a full week in advance of the trial. If the court had reason to believe that the delay of counsel for defendant in making his demand for a jury had occasioned the other side, or the court, any inconvenience, still his motion could have been, and we think ought to have been, granted, terms being imposed if’the ends of justice so required. The suit, however, was brought upon a promissory note. The record discloses that the plaintiff had no witness whatever at the trial save himself. The slight dereliction of the defendant’s counsel, under such circumstances, on a matter of no more importance, *153 is not sufficient to warrant a denial of tlie constitutional right of the defendant to a trial by jury.
There are other matters discussed in the brief, to which we shall not allude; our silence, however, must not be construed as indicating that we found no other error in the record than that to which we have already adverted.
The judgment is reversed, with leave to either party to amend their pleadings as they may be advised.

Reversed and Remanded.