NATIONAL ACCEPTANCE COMPANY OF AMERICA, a Delaware corporation, Plaintiff–Appellee and Cross–Appellant,

v.

Thomas Z. MARS, Defendant–Appellant and Cross–Appellee.

No. 87CA1347.

Colorado Court of Appeals, Div. IV.

Aug. 17, 1989.

Sherman & Howard, Mark L. Fulford and Susan P. Mele, Denver, for plaintiff-appellee and cross-appellant.

Law Offices of Gary S. Cohen, Gary S. Cohen, Denver, for defendant-appellant and cross-appellee.

JONES, Judge.

Defendant, Thomas Z. Mars, appeals the judgment entered against him and in favor of plaintiff, National Acceptance Company of America. National Acceptance cross-appeals the amount of the court's award of attorney fees against Mars. We reverse the judgment, vacate the award of attorney fees, and remand for a jury trial.

In October 1981, Mars, in his capacity as president of Mars Steel and Iron Company (Mars Steel), executed a loan and security agreement and an installment note in favor of National Acceptance in the principal amount of $125,000. He also executed a personal guaranty of the loan, which guaranty included broad consent-to-modifications provisions.

Following a claimed default in payment, National Acceptance instituted this action seeking money judgments against Mars Steel, and against Mars personally, for

amounts due on the note, breach of contract, amounts due under the guaranty, and replevin of personalty under the security agreement. In its June 1987 Supplemental Trial Data Certificate, National Acceptance noted only its claims for money damages. It made no mention of its replevin claim, and at trial proceeded only on the contract claims.

As a result of settlement negotiations, trial of the matter was postponed by agreement pending sale of Mars' stock in Mars Steel to Spectrum Steel Corporation. Mars represented to National Acceptance that this stock sale would permit him to make payment in full under the guaranty at the time of closing the sale.

Closing occurred on May 17, 1985, but National Acceptance was not paid. Consequently, it entered into independent negotiations with three individuals, whereby an "Extension and Modification Agreement" was consummated, and these individuals became the new owners of Mars Steel. According to Mars, however, in negotiating this new agreement, National Acceptance and the new owners, without Mars' consent, acted in such a manner as to substantially impair Mars' rights.

Accordingly, Mars sought and obtained leave of court to amend his answer to include a number of affirmative defenses to the original complaint, based upon the actions of National Acceptance and the new owners. Eight days later, he moved for a jury trial. The trial court denied his request for jury trial in a one sentence order holding that Mars' request was untimely.

The new owners of Mars Steel subsequently defaulted on their agreement with National Acceptance, and National Acceptance reset this matter for trial. The trial resulted in a personal judgment against Mars under his guaranty in the amount of $78,000.

Mars contends that the trial court erred in striking his jury demand. We agree.

## I.

Under C.R.C.P. 38(a):

"Upon demand, in actions for the recovery of specific real or personal property, with or without damages or for money claimed as due on contract, or as damages for breach of contract, or for injuries to person or property, an issue of fact must be tried by a jury."

In determining whether a party is entitled to a jury trial, the original complaint fixes the nature of the suit. *Miller v. District Court*, 154 Colo. 125, 388 P.2d 763 (1964); *In re Marriage of Rosenberg*, 690 P.2d 1293 (Colo.App.1984). If the complaint joins or commingles legal and equitable claims, the court must determine whether the "basic thrust" of the action is legal or equitable in nature. *Miller v. Carnation Co.*, 33 Colo.App. 62, 516 P.2d 661 (1973). Thus, the right to a jury trial depends upon the character of the action in which the issue is joined, not the nature of the issue. *Maddalone v. C.D.C., Inc.*, 765 P.2d 1047 (Colo.App.1988).

Here, the complaint asserts an action on a note. Two of the three claims for relief therein are grounded in contract, and seek contract damages. The third claim for relief lies in replevin, but was abandoned before the matter proceeded to trial. Thus, this case was pled principally and primarily for a remedy at law, and only temporarily and alternatively for equitable relief. *Cf. Miller v. Carnation Co., supra.*

We conclude that the basic thrust of the complaint is at law for breach of contract. Consequently, the complaint gives rise to the right to a jury trial under C.R.C.P. 38(a).

## II.

Mars' jury demand was served within ten days of the court's order allowing Mars to amend his answer. Contrary to the trial court's only stated ground for denying the request, we conclude that the demand was timely.

On January 21, 1987, Mars served his Motion to Amend Answer upon National Acceptance. Mars claimed that since 1983, when the original answer was filed, significant new issues were raised in the

case by his having sold his stock in Mars Steel, and by virtue of National Acceptance having entered new agreements with the new owners, who later defaulted. He further claimed that these agreements were made without his consent and, thus, extinguished his obligation under the guarantee.

Mars' motion requested leave to amend the answer to add seven affirmative defenses which were enumerated in the motion to amend. The affirmative defenses, which arose from the new issues introduced by the actions of National Acceptance and the new owners, during the pendency of the case, included: release, payment in full, waiver, estoppel, accord and satisfaction, failure to mitigate damages, and the acquiescence of National Acceptance in the default of the new owners of Mars Steel.

On April 8, the court granted Mars leave to amend his answer, stating, "[Mars] shall be permitted to assert the affirmative defenses A through G listed in his [motion]."

Because the motion to amend enumerated the affirmative defenses which Mars wished to add, he filed no formal amended answer thereafter, apparently choosing instead to rely on the affirmative defenses set forth in his motion. Nor did the trial court mandate the filing of a separate, amended pleading. On April 16, eight days after the court granted the motion to amend, Mars sought a trial by jury, and paid the jury fee.

C.R.C.P. 38(b) requires that a party may demand a jury trial so long as he does so "not later than 10 days after the service of the last pleading directed to such issue."

Here, Mars could not have effectively served the jury demand upon National Acceptance before the court granted his motion to amend, as to do so would have been premature. The ten-day period, then, could not have begun to run until the court granted leave to amend.

Additionally, Fed.R.Civ.P. 38(b), the verbatim counterpart of the Colorado rule,

has been interpreted to allow a jury demand to be made within ten days after service of an amended pleading for new issues raised by that pleading. *See, e.g., American Home Products Corp. v. Johnson & Johnson,* 111 F.R.D. 448 (S.D.N.Y. 1986). *Cf. Land v. Roper Corp.,* 531 F.2d 445 (10th Cir.1976). Thus, when, as here, the issues raised by the complaint would entitle the parties to a jury trial, and affirmative defenses raised in an amended answer raise new issues, and these new issues are such as would also warrant a jury trial, it is error for the trial court to deny a timely request therefor. *See Williams v. Farmers & Merchants Insurance Co.,* 457 F.2d 37 (8th Cir.1972).

Hence, we conclude, that under the facts presented here, upon entry of the court order granting the motion to amend, which order specifically identified the affirmative defenses that were to be incorporated into Mars' pleadings, as set forth in his motion, the time began to run for purposes of C.R.C.P. 38(b). Under the circumstances here, the better practice for Mars' counsel would have been to serve the affirmative defenses on opposing counsel in the form of an amended answer. However, Mars' failure to do so is not fatal.

Thus, Mars was entitled to a jury trial and he requested such within the time permitted by the rule. The trial court, therefore, erred in refusing that request.

Because of our resolution of this matter, we need not consider the other issues raised by the appeal and cross-appeal.

The judgment is reversed, and the order awarding attorney fees is vacated. The cause is remanded for trial before a jury.

TURSI and HODGES,* JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).