**Richard C. WHALEY, Plaintiff–Appellant,**

**v.**

**KEYSTONE LIFE INSURANCE COMPANY, and James T. Odiorne, Temporary Receiver of Keystone Life Insurance Company, and the Receivership Estate of Keystone Life Insurance Company, Defendants–Appellees.**

No. 88CA1224.

Colorado Court of Appeals, Div. V.

Dec. 7, 1989.

As Modified on Denial of Rehearing Jan. 25, 1990.

Richard C. Whaley, pro se.

Frank A. Natchez, P.C., Frank A. Natchez, Colorado Springs, for defendants-appellees.

Opinion by Judge DUBOFSKY.

Plaintiff, Richard C. Whaley, brought suit against defendant, Keystone Life Insurance Company, because of its refusal to pay certain medical benefits to plaintiff. The trial court entered judgment for defendant, and on plaintiff's appeal, we reverse.

Plaintiff, who was a pro se litigant, made a timely demand for a jury trial under C.R.C.P. 38 and paid the required fee. However, at a pretrial conference thirteen days prior to the original scheduled trial date, plaintiff was informed by the trial court that he must file jury instructions five days prior to the trial. Plaintiff failed to file the jury instructions within the time specified, and as a consequence, the court struck his jury trial request and the case was then tried to the court.

On appeal, plaintiff maintains that the trial court erred in denying him his right to trial by jury. We agree.

Although not a protected right under the Colorado Constitution, the right to a jury trial in civil cases has been an essential

part of Colorado's justice system almost from its inception. *See* Colo.Sess.Laws 1887 § 173 at 252. The right of a party to have his case tried by a jury is an important and substantial one. *W.H. Peeps Fixture Co. v. Gove,* 24 Colo.App. 149, 133 P. 143 (1913). In *Fields v. People,* 732 P.2d 1145 (Colo.1987), the court, quoting from *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) stated:

> "The purpose of a jury is to guard against the exercise of arbitrary power—to make available the common sense judgment of the community ... in preference to the professional or perhaps over-conditioned or biased response of a judge."

Further, although a party's right to a jury trial may be waived, a finding that waiver has occurred has generally been limited by rule to cases in which either a proper demand has not been made pursuant to C.R.C.P. 38 or the required fee has not been paid pursuant to C.R.C.P. 121 § 1–3. *See also National Acceptance Co. v. Mars,* 780 P.2d 59 (Colo.App.1989). No such waiver is specified in C.R.C.P. 121 § 1–19 governing submission of jury instructions.

We also note that, under C.R.C.P. 39(b), even if the parties fail to file a timely demand or to pay the required fee for a jury trial, a trial court may nevertheless order the matter tried to a jury. *McConnell v. District Court,* 680 P.2d 528 (Colo. 1984); *Jaynes v. Marrow,* 144 Colo. 138, 355 P.2d 529 (1960).

In light of these considerations and its fundamental importance, we conclude that, once a proper demand has been made and the fee paid, the right to a jury trial may be lost *only* for the reasons enumerated in C.R.C.P. 39(a). That rule states:

> "When trial by jury has been demanded as provided in Rule 38, the matter *shall* be designated upon the register of actions as a jury matter. The trial of all issues so demanded *shall* be by jury unless: (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury; or (2) the court upon motion or its own initiative finds that a right of trial by jury of some or all of these issues does not exist; or (3) either party to the issue fails to appear at the trial." (emphasis added)

Here, since there was a timely demand and payment of fee and none of the conditions for denying a jury trial contained in C.R. C.P. 39(a) were present, we determine that the court erred in striking the jury demand. Rather, it should have invoked other sanctions available to it to deal with litigants who fail to file jury instructions in a timely manner. *See Rocky Mountain Fuel Co. v. Bakarich,* 66 Colo. 275, 180 P. 754 (1919).

As an additional reason for our holding here, we note that if the right to a jury trial is lost by a court sanction, then the resulting trial to the court could be viewed as "punishment" to the party that initially sought a jury trial. It is unacceptable for a court trial to be imbued with such a negative connotation.

Accordingly, the judgment for defendant is reversed, and the cause is remanded with directions to allow plaintiff to try his case before a jury.

JONES and RULAND, JJ., concur.