**Sara WRIGHT, Plaintiff–Appellee,**

v.

**David WOLLER, Defendant–Appellant.**

**No. 98CA0391.**

Colorado Court of Appeals,
Div. IV.

March 18, 1999.

Vaden & Evans, L.L.C., Wayne E. Vaden, Elisha A. Chase, Denver, Colorado, for Plaintiff–Appellee.

Lapin & Associates, P.C., James B. Lapin, Lori A. Drew, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, David Woller, appeals from the judgment entered in favor of plaintiff, Sara Wright. We reverse and remand for a new trial.

Counsel for both parties appeared in court expecting to proceed with a jury trial. The court, however, noted that the parties had failed to file jury instructions three days prior to the trial date as required in C.R.C.P. 16(d). Defendant's counsel proffered his requested instructions and explained that the failure had resulted from confusion over last minute changes in counsel. The court struck the jury trial and proceeded with a trial to the court.

After trial, defendant moved for a new trial based on the court's refusal to empanel a jury for the case. This motion was denied.

On appeal, defendant contends that the court erred in denying him a jury trial. We agree.

Although the Colorado Constitution does not protect the right to a jury trial in civil cases, this right has "been an essential

part of Colorado's justice system almost from its inception," and thus, such right may be lost only for the reasons listed in C.R.C.P. 39(a). *Whaley v. Keystone Life Insurance Co.*, 811 P.2d 404 (Colo.App.1989).

C.R.C.P. 16(d) requires that:

Counsel for the parties shall confer to develop jointly proposed jury instructions and verdict forms to which the parties agree. No later than three days prior to the date scheduled for commencement of the trial or such other time as the court shall direct, a set of the proposed jury instructions and verdict forms shall be filed with the courtroom clerk.

C.R.C.P. 16 is intended to facilitate a fair trial process by providing the parties with "adequate time to prepare by obtaining relevant evidence to prevent trial by ambush or surprise." *J.P. v. District Court*, 873 P.2d 745, 749 (Colo.1994).

Here, the trial court reasoned that C.R.C.P. 16 had modified the principles of *Whaley* and had vested the trial court with discretion in fashioning remedies for violation of C.R.C.P. 16, including the forfeiture of a jury trial. We, however, conclude that the principles announced in *Whaley* are still the law and a right to a jury trial may only be lost for the reasons cited in C.R.C.P. 39(a).

Here, while the court's frustration with the parties' failure to file the instructions is understandable, nevertheless, its denial of a jury trial was not an appropriate remedy.

Accordingly, the judgment is reversed and the cause is remanded for a new trial.

Judge RULAND and Judge ROTHENBERG, concur.