The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
July 21, 2022

## 2022COA81

**No. 21CA1411, *People in Interest of C.C.* — Juvenile Court —
Dependency and Neglect — Adjudicatory Jury Trial — Waiver of
Statutory Right to Jury Trial**

A division of the court of appeals considers whether a juvenile

court errs by converting an adjudicatory jury trial to a bench trial

when the parent's counsel and guardian ad litem appear on time,

but the parent herself arrives approximately thirty minutes late.

The division concludes, as a matter of first impression in Colorado,

that under these circumstances the parent does not waive her

statutory right to a jury trial. Before converting the jury trial to a

bench trial, the juvenile court should have made further inquiries

about the parent's whereabouts and, if satisfied that she would

appear promptly or that she had a good reason for her tardiness,

given her additional time to arrive. Because the record does not

indicate that the court made any such inquiries or accommodations, and the error was not harmless, the division reverses the judgment adjudicating the children dependent and neglected and remands the case for a new trial.

COLORADO COURT OF APPEALS                                        **2022COA81**

Court of Appeals No. 21CA1411
City and County of Denver Juvenile Court No. 20JV779
Honorable D. Brett Woods, Judge

The People of the State of Colorado,

Appellee,

In the Interest of C.C. and R.R.E.G., Children,

and Concerning C.L.E.,

Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE YUN
Grove and Rothenberg*, JJ., concur

Announced July 21, 2022

Kristin M. Bronson, City Attorney, Amy J. Packer, Assistant City Attorney,
Denver, Colorado, for Appellee

Debra W. Dodd, Guardian Ad Litem

Steven E. Baum, Office of Respondent Parents' Counsel, Denver, Colorado, for
Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2021.

¶ 1    C.L.E. (the mother) appeals the judgment entered by the juvenile court adjudicating C.C. and R.R.E.G. (the children) dependent and neglected after a bench trial. She maintains that the juvenile court erred in ruling that she waived her statutory right to a jury trial by arriving late to the adjudicative hearing. We agree, and we therefore reverse the adjudication and remand the case for a new trial.

## I.    Background

¶ 2    The Denver Human Services Department filed a petition in dependency and neglect regarding the children, and the court appointed a guardian ad litem (GAL) for the mother. The mother denied the allegations in the petition and requested a jury trial at the adjudicatory phase of the proceedings. No other party demanded a jury trial.

¶ 3    The adjudicatory jury trial was scheduled for two days, with the first day set to begin at 1 p.m. The mother's counsel and her GAL were present at 1 p.m., but when the mother did not appear by 1:10 p.m., the court dismissed the jurors and converted the jury trial to a bench trial. The court explained that the "mother was told to be here at 12:45 pm," and that "if she was later than 15 minutes,

1

she would waive her right to a jury trial as a matter of law under the Colorado Rules of Civil Procedure." The court noted that it was 1:15 p.m. and that the mother was still not there.

¶ 4 After releasing the jurors, the court had a discussion with the parties' counsel. The mother's counsel objected to converting the jury trial to a bench trial and informed the court that the mother was "apparently . . . somewhere in the building." Counsel then had the following exchange with the court:

> [COUNSEL]: Your Honor, I did get a text from [the mother] after 1 o'clock saying that there was a problem with her Lyft . . . [and] saying there was some sort of detour. So I don't know why she was that late, but . . . .
>
> THE COURT: Well, it's now pushing 1:16, and she's still not with us. And, of course, not to beat up on your client or anything like that, but we had 50 jurors here who were on time and had no trouble getting here, and she didn't make it. So it's not fair to the jury to keep them waiting . . . .

¶ 5 By 1:30 p.m., the mother had arrived. The mother's GAL asked the court to continue the trial until the next day to give the mother "more time to talk to her counsel and me about how the trial would proceed to the Court." The court granted the request and addressed the mother, stating:

2

Ma'am, I'm sorry about the jury, but — and I have been a judge now for about 15 years, and I can tell you this is the first time in all that time that I've released a jury. But you weren't here, and I had 50 people from the community in their seats, ready to go. And the rules are pretty clear that if you're not here, you waive your right to a jury. So that's what happened. But I am bound and determined for you to have a fair trial, and I will listen to the evidence very carefully and make the decision.

¶ 6    The next day, the court proceeded with a bench trial, and after hearing the evidence, it adjudicated the children dependent and neglected.

## II.    No Waiver of Jury Trial

¶ 7    The mother contends that the juvenile court erred by converting the jury trial to a bench trial. Although she was not present when the jury trial was scheduled to begin, she maintains that, because her counsel and GAL were present and on time and she arrived shortly after the court converted the jury trial to a bench trial, she did not waive her statutory right to a jury. We agree.

### A.    Standard of Review

¶ 8    We review questions of statutory interpretation de novo. *People in Interest of L.M.*, 2018 CO 34, ¶ 13. Thus, in interpreting a

provision of the Children's Code, "we look to the entire statutory scheme in order to give consistent, harmonious, and sensible effect to all of its parts, and we apply words and phrases in accordance with their plain and ordinary meanings." *UMB Bank, N.A. v. Landmark Towers Ass'n*, 2017 CO 107, ¶ 22. Ultimately, our goal is "to effectuate the legislature's intent." *Blooming Terrace No. 1, LLC v. KH Blake St., LLC*, 2019 CO 58, ¶ 11.

### B. Analysis

¶ 9 Parents have a fundamental liberty interest in the care, custody, and control of their children, *Troxel v. Granville*, 530 U.S. 57, 66 (2000), and "due process requires the state to provide fundamentally fair procedures in a dependency and neglect proceeding," *People in Interest of J.A.S.*, 160 P.3d 257, 262 (Colo. App. 2007). "At a minimum, a parent must be given adequate notice of the proceeding and an opportunity to protect his or her rights." *Id.*

¶ 10 Nevertheless,

> [t]he Seventh Amendment to the United States Constitution does not guarantee a right to jury trial in such cases, because it preserves the right only in common law actions, and is not applicable to the states. However, some states

4

have nonetheless granted a right to jury trial,
under either their state constitution or
pursuant to a statutory provision.

James L. Buchwalter, Annotation, *Right to Jury Trial in Child Neglect, Child Abuse, or Termination of Parental Rights Proceedings*, 102 A.L.R. 5th 227 (2002).

¶ 11    In Colorado, because "[d]ependency and neglect proceedings are civil in nature," *People v. Johnson*, 2017 COA 11, ¶ 32 (citation omitted), the Colorado Constitution does not guarantee the right to jury trials in these cases.  But the General Assembly has granted parents a statutory right to demand a jury trial at the adjudicatory hearing phase of dependency and neglect cases.  *See* § 19-3-202(2), C.R.S. 2021 (providing, as relevant here, that "any respondent . . . may demand a trial by jury of six persons at the adjudicatory hearing under section 19-3-505 or the court, on its own motion, may order such a jury to try any case at the adjudicatory hearing under section 19-3-505"); *see also Wright v. Woller*, 976 P.2d 902, 902-03 (Colo. App. 1999) (observing that the right to a jury trial *in certain civil cases* has "been an essential part of Colorado's justice system almost from its inception" (quoting *Whaley v. Keystone Life Ins. Co.*, 811 P.2d 404, 404-05 (Colo. App. 1989))).

¶ 12    "Generally, the Colorado Rules of Civil Procedure apply to those juvenile matters that are not governed by the Colorado Rules of Juvenile Procedure or the Children's Code." *People in Interest of K.J.B.*, 2014 COA 168, ¶ 9.  C.R.C.P. 39(a)(3) provides, as relevant here, that "[t]he trial shall be by jury of all issues so demanded unless . . . all parties demanding trial by jury fail to appear at trial." A waiver of the statutory right to a jury trial "may be either express or implied," but it must be voluntary.  *People in Interest of N.G.*, 2012 COA 131, ¶ 51; *see also K.J.B.*, ¶ 29.

¶ 13    We are unaware of any published Colorado appellate decisions that have addressed whether a parent waives the right to a jury trial at an adjudicatory hearing in a dependency and neglect case when her counsel appears on time for trial, but the parent is late. However, other jurisdictions have offered guidance.

¶ 14    For example, Oklahoma courts have held that when a parent has properly asserted the right to a jury trial in a dependency and neglect case, the parent's failure to appear or failure to appear on time does not constitute a waiver if the absent parent is represented by counsel and counsel appears for trial.  *In re H.M.W.*, 2013 OK 44, ¶¶ 8-14; *In re State ex rel. K.W.*, 2006 OK CIV APP 40, ¶¶ 8-11.

Although Oklahoma's constitution — unlike Colorado's — guarantees jury trials in dependency and neglect cases, *K.W.* is nonetheless instructive.

¶ 15     In that case, the state filed a petition seeking to terminate the mother's parental rights, and the mother demanded a jury trial. *K.W.*, ¶ 3.  On the day of trial, the mother's counsel appeared, but the mother did not.  *Id.* at ¶ 4.  As a result, the trial court conducted the hearing in chambers without a jury.  *Id.* at ¶ 5.  After the state presented its evidence, the court terminated the mother's parental rights, but within minutes of the court's ruling, the mother arrived.  *Id.* at ¶ 6.  When the mother offered no explanation for her late arrival, the trial court informed the mother of its decision and her right to appeal.  *Id.*

¶ 16     On appeal, the mother argued that her late arrival did not constitute a waiver of her right to a jury trial.  *Id.* at ¶ 7.  The Oklahoma Court of Civil Appeals agreed.  It explained that the mother had asserted her right to a trial by jury early in the proceedings and that the record did not reflect a voluntary waiver of the jury demand.  *Id.* at ¶ 10.  The court thus held that the mother's "appearance for trial *some twenty minutes late* does not

7

constitute a waiver of her right to trial by jury, particularly where, as here, her appointed counsel appeared for trial." *Id.*

¶ 17     Similarly, here, though the juvenile court had told the mother to arrive at 12:45 p.m. and warned her that she would waive her right to a jury trial if she was not there by 1 p.m., the right to a jury trial "may be lost only for the reasons listed in C.R.C.P. 39(a)." *Wright*, 976 P.2d at 903. The mother's counsel and GAL were present when the trial was scheduled to start, and before dismissing the jurors, the court did not even ask the mother's counsel or GAL why the mother was running late or whether they wanted to proceed in her absence. Instead, the court waited a mere ten minutes after the scheduled start time and then released the jurors.

¶ 18     Under these circumstances, we conclude that the mother's failure to appear for trial on time did not constitute a waiver — either express or implied — of her statutory right to a jury trial. In reaching this conclusion, we do not suggest that a parent can never waive her right to a jury trial by being late. However, before a court determines whether a waiver has occurred, it should inquire further about the parent's whereabouts and the circumstances concerning

her absence before converting a jury trial to a bench trial. Especially when the mother's counsel and GAL were there on time and ready to proceed, the court should have inquired about the mother's whereabouts and, if satisfied that she would appear promptly or that she had a good reason for her tardiness, should have given her additional time to arrive before releasing the jurors. The court failed to make such inquiries or accommodations, and while its concern about inconveniencing the jurors was understandable, it was an insufficient reason to overcome the mother's statutory right to a jury trial.

¶ 19     We therefore conclude the court erred in dismissing the jury and proceeding with a bench trial.

¶ 20     We also conclude that reversal is required. Under C.A.R. 35(c), "[t]he appellate court may disregard any error or defect not affecting the substantial rights of the parties." *See also* C.R.C.P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). "An error affects a substantial right only if 'it can be said with fair assurance that the error substantially influenced the outcome of the case or impaired the

basic fairness of the trial itself.'" *Bly v. Story*, 241 P.3d 529, 535 (Colo. 2010) (quoting *Banek v. Thomas*, 733 P.2d 1171, 1178 (Colo. 1986)).

¶ 21 We agree with the division in *People in Interest of M.H-K.*, 2018 COA 178, ¶ 15, that a parent's statutory right to a jury trial at the adjudicatory stage is a "substantial right" under C.R.C.P. 61. *See People in Interest of Hoylman*, 865 P.2d 918, 921 (Colo. App. 1993) ("[T]he court's failure to provide respondent his statutory right to a jury hearing on his short-term certification invalidated its resulting order."); *see also Watkins v. People*, 140 Colo. 228, 231, 344 P.2d 682, 684 (1959) (failure of the court to provide time for the respondent to exercise a statutory right to a jury trial invalidated the commitment order). Because the mother was denied her right to have a jury rather than a judge decide her case, the juvenile court's ruling cannot be viewed as harmless.

III.   Conclusion

¶ 22 We reverse the judgment and remand the case to the juvenile court for a new adjudicatory trial by jury.

JUDGE GROVE and JUDGE ROTHENBERG concur.