23CA2219 Peo in Interest of RRS 08-01-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA2219 El Paso County District Court No. 23JV30652 Honorable Jessica L. Curtis, Judge The People of the State of Colorado, Appellee, In the Interest of R.R.S., a Child, and Concerning S.S., Appellant. JUDGMENT AFFIRMED Division VII Opinion by JUDGE KUHN Tow and Gomez, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 1, 2024 Kenneth R. Hodges, County Attorney, Jessica M. Brungardt, Assistant County Attorney, Colorado Springs, Colorado, for Appellee Alison A. Bettenberg, Guardian Ad Litem Michael Kovaka, Littleton, Colorado, for Appellant 
1 ¶ 1 In this dependency and neglect proceeding, S.S. (mother) appeals the judgment adjudicating R.R.S. (the child) dependent and neglected. We affirm. I. Background ¶ 2 In June 2023, the El Paso County Department of Human Services filed a dependency and neglect petition regarding the newborn child. The petition alleged, among other things, that the child had tested positive for THC at birth and that mother used marijuana, fentanyl, and methamphetamines during her pregnancy. ¶ 3 Mother denied the allegations and requested a jury trial. On the trial date, the juvenile court called the case roughly a half hour after the scheduled start time. Because mother was not present when the proceedings began, the juvenile court inquired with mother’s counsel as to mother’s whereabouts. Mother’s counsel indicated that she had no knowledge of where mother was, that mother was aware of the court date, and that mother had wanted to proceed by jury trial. ¶ 4 The Department asked the court to find a waiver of mother’s right to a jury trial, and the court granted the request over mother’s 
2 counsel’s objection. The court found a waiver based on mother’s failure to appear and converted the jury trial to a bench trial: So, [mother] is not connected virtually. She’s not here physically. Under these circumstances I’m going to find pursuant to the rules of civil procedure that [mother] has waived her right to [a] jury trial and the adjudicatory phase of the case will be converted to a bench trial. I understand that [mother] is representing through counsel that she wants a jury trial, but she has to be present to have that happen. And, I am finding that she knows about the proceedings today and has not appeared. So, we can go ahead and proceed to bench trial. ¶ 5 Shortly after testimony began, however, mother appeared virtually and objected to the finding that she had waived her right to a jury trial. The court affirmed its waiver finding and proceeded with the bench trial. At the conclusion of the trial, the court adjudicated the child dependent and neglected. II. Analysis ¶ 6 Mother contends the juvenile court erred by finding she had waived her right to a jury trial based on her failure to appear on time at her adjudicatory trial. We disagree. 
3 A. Relevant Law and Standard of Review ¶ 7 “Dependency and neglect proceedings are civil in nature,” People v. Johnson, 2017 COA 11, ¶ 32 (citation omitted), and thus there is no constitutional right to jury trials in these cases, People in Interest of C.C., 2022 COA 81, ¶ 11. However, parents have a statutory right to demand a jury trial at the adjudicatory stage of dependency and neglect proceedings. § 19-3-202(2), C.R.S. 2023 (providing that “any respondent . . . may demand a trial by jury of six persons at the adjudicatory hearing pursuant to section 19-3-505”). ¶ 8 A parent may waive the statutory right to a jury trial and “[s]uch a waiver may be either express or implied.” People in Interest of N.G., 2012 COA 131, ¶ 51; People in Interest of K.J.B., 2014 COA 168, ¶ 29. However, any such waiver must be voluntary. N.G., ¶ 51; K.J.B., ¶ 29. ¶ 9 Once a party demands a jury trial, “[t]he right of [the] party to have his case tried by a jury is an important and substantial one,” Whaley v. Keystone Life Ins. Co., 811 P.2d 404, 405 (Colo. App. 1989), and such a right “may be lost only for the reasons listed in C.R.C.P. 39(a),” Wright v. Woller, 976 P.2d 902, 903 (Colo. App. 
4 1999). See also C.R.J.P. 1 (providing that the Colorado Rules of Civil Procedure apply in dependency and neglect cases when the Colorado Children’s Code or the Juvenile Rules do not address a particular procedure). In turn, C.R.C.P. 39(a)(3) provides that “fail[ing] to appear at trial” is one reason justifying a trial to the court instead of a jury. C.R.C.P. 39(a). ¶ 10 Whether a parent has waived the statutory right to a jury trial presents a mixed question of fact and law. See People in Interest of B.H., 2021 CO 39, ¶ 50 (addressing waiver of the right to counsel). We accept the juvenile court’s findings of fact when they are supported by the record, but we review the legal significance of those facts de novo. Id. B. Preservation ¶ 11 As an initial matter, the Department asks us to decline to consider whether mother waived her right to a jury trial because she failed to properly preserve this claim. Mother asserts she properly preserved the issue. We agree with mother. ¶ 12 While mother’s counsel did not explicitly object to the court’s finding that mother waived her right to a jury trial based on her nonappearance, mother’s counsel asserted that mother “does want 
5 to contest this matter. She does want to have a jury trial.” When mother appeared, she affirmed that she objected to the court finding a waiver. And the juvenile court, in describing mother’s counsel’s actions the day of the trial, told mother, “she objected to the [c]ourt finding a waiver of your right to [a] jury trial.” See Vaccaro v. Am. Fam. Ins. Grp., 2012 COA 9M, ¶ 52 (“An objection is sufficient so long as it calls the court’s attention to the specific point it addresses.”). ¶ 13 Accordingly, we conclude that this issue is preserved, and we next consider the merits of mother’s claim. C. Mother Waived Her Right to a Jury Trial by Failing to Timely Appear ¶ 14 Mother contends that the juvenile court erred when it determined that she waived her right to a jury trial by arriving to the proceedings late. Specifically, mother asserts the court “did not take the simple step of allowing [m]other’s counsel to check in with [m]other regarding the circumstances” causing her delay before finding mother waived her right. She further contends that the court erred by finding waiver after only “an eight-minute delay.” 
6 Finally, she asserts that even if her failure to timely appear constitutes a waiver, it cannot be deemed a voluntary waiver. ¶ 15 In support of her contentions, mother relies heavily on C.C. But the facts here are distinguishable from that case. ¶ 16 In C.C., the parent failed to timely arrive for her adjudicatory jury trial. C.C., ¶ 3. The juvenile court dismissed the jurors and converted the jury trial to a bench trial despite the parent’s counsel lodging an objection and informing the court that the parent had difficulty with transportation but was on her way there. Id. at ¶¶ 3-4. Shortly after dismissing the jurors, and thirty minutes after the trial was scheduled to begin, the parent arrived. Id. at ¶ 5. On appeal, a division of this court concluded the juvenile court reversibly erred and should have inquired about the parent’s whereabouts and, if satisfied that she would promptly appear or had good cause for being late, should have allowed her more time to appear before releasing the jurors. Id. at ¶ 18. ¶ 17 Here, when mother failed to appear for her jury trial, the court asked mother’s counsel, “do you have any representation in terms of where [mother] might be today?” Mother’s counsel said she had been texting with her client that day, had given her the Webex 
7 connection information, and that her client was aware of the jury trial. Mother’s counsel further indicated, “she did advise me she would not be present today.” Following that line of inquiry, the court further inquired, “would you like to respond on if I find a waiver of [mother’s] right to a jury trial based on her non-
appearance?” Mother’s counsel reasserted that mother wished to have a jury trial but made no further record. ¶ 18 Unlike in C.C., at no point did mother’s counsel request more time to see where her client was or indicate mother’s arrival was imminent. When the Department asked the court to find a waiver of mother’s right to jury trial, the Department’s counsel added, “[s]he does have two active warrants, so we weren’t expecting that she would appear today.” ¶ 19 Mother suggests the court “acted in direct contravention to the holding of the C.C. opinion,” yet the record shows the court did make an inquiry as to mother’s whereabouts. Based on the record made by mother’s counsel and the Department, the court had no reason to believe mother’s arrival was imminent nor was the court aware of any good cause for delay. 
8 ¶ 20 Mother argues the court should have allowed counsel to “check in” with mother regarding her tardiness after mother appeared and the court found a waiver, but mother’s counsel did not make such a request nor does C.C. require this step, as mother suggests on appeal. ¶ 21 Moreover, contrary to mother’s assertion that she was only eight minutes late, she appeared virtually thirty-eight minutes after the trial’s scheduled start time. Nonetheless, she asserts the amount of time the court waited for her to appear was insufficient, given that the court waited for a lesser time than the court in C.C. did. But this argument mischaracterizes that case. In C.C., the court specifically concluded, “we do not suggest that a parent can never waive her right to a jury trial by being late.” Id. at ¶ 18. C.C. did not impose a set time limit a court must wait for a parent’s arrival. Rather, it merely imposed an obligation for the court to make inquiries as to the parent’s whereabouts, and if there was good cause for delay or their appearance was imminent, to then allow for more time for the parent to appear. Id. ¶ 22 Here, the court made appropriate inquiries. Based on responses to those inquiries, at the time it found a waiver it had no 
9 reason to believe mother would imminently appear nor that there was good cause for delay. Therefore, the court was not obligated to allow mother more time to appear before proceeding. ¶ 23 Last, mother asserts that even if her lack of timely appearance does constitute a waiver of her right to a jury trial, it was not a voluntary waiver. Specifically, she contends her failure to timely appear was due to Webex connection issues, which was a circumstance outside of her control. We are not convinced. ¶ 24 During the converted court trial, mother indicated her Webex connection was “a little difficult getting in.” Yet mother’s counsel reported she had been in communication with mother as early as 8 a.m. that day and as recently as five minutes before the trial. Despite this, mother did not communicate to her counsel any difficulty in appearing. This record does not support the conclusion that mother’s connectivity troubles were so severe that she could not connect before the court made its ruling. ¶ 25 Moreover, we note that after mother appeared, neither she nor her counsel asked the court to reconsider its decision. It’s true that mother asked the court questions about the waiver. But in context, her primary concerns were focused on going to trial that day at all 
10 while being represented by her trial counsel. Mother wanted the court to permit her trial counsel to withdraw and grant her a continuance to find new counsel. Instead, the juvenile court found no legal conflict and decided that the trial would go forward. But at no point in those discussions did anyone ask the court to reconsider its decision or to reset the matter as a jury trial. ¶ 26 We conclude, based on the totality of the circumstances on this record — including mother’s failure to timely appear, her failure to communicate any alleged difficulties connecting to Webex with her counsel, and her failure to request a new jury trial — that mother impliedly waived her right to jury trial. Accordingly, we discern no error. III. Disposition ¶ 27 The judgment is affirmed. JUDGE TOW and JUDGE GOMEZ concur.