23CA2106 Peo in Interest of KW 08-29-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA2106 El Paso County District Court No. 21JV365 Honorable Robin Chittum, Judge The People of the State of Colorado, Appellee, In the Interest of Kay.W., Kai.W., E.W., D.W., and S.W., Children, and Concerning K.L.W., Appellant. JUDGMENT REVERSED AND CASE REMANDED WITH DIRECTIONS Division V Opinion by JUDGE LUM Harris and Brown, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 29, 2024 Kenneth R. Hodges, County Attorney, Melanie Douglas, Contract Attorney, Colorado Springs, Colorado, for Appellee Josi McCauley, Guardian ad Litem Michael Kovaka, Littleton, Colorado, for Appellant 
1 ¶ 1 In this dependency and neglect proceeding, K.W. (father) appeals the juvenile court’s judgment adjudicating K.W., K.W., E.W., D.W., and S.W. (the children) dependent and neglected. ¶ 2 In this case, we consider whether, by failing to appear at an initial adjudicatory trial, father waived his right to a jury at his second adjudicatory trial, held after the initial adjudication had been set aside. Concluding that the answer is no, we reverse and remand for further proceedings. I. Background ¶ 3 In May 2021, the El Paso County Department of Human Services (Department) filed a dependency and neglect petition concerning the children. ¶ 4 Father denied the allegations and requested a jury trial for the adjudicatory phase, which the court set for September 2021 (2021 adjudicatory trial). Father failed to appear for the adjudicatory trial, and the juvenile court found father had waived his right to a jury trial. The court then sua sponte adjudicated the children dependent and neglected by default with regard to father “based on [the] failure to appear,” and it adopted a treatment plan (the 2021 
2 adjudication). The Department later moved to terminate parental rights, and a hearing was set. ¶ 5 Shortly after the termination hearing began, father moved to set aside the 2021 adjudication under C.R.C.P. 60, arguing that (1) the juvenile court wasn’t authorized to enter a default judgment under the circumstances; (2) the court failed to make the required finding that the allegations in the petition were supported by a preponderance of the evidence; (3) the court improperly permitted father’s counsel to withdraw without notice; and (4) father’s counsel failed to effectively represent his interests, resulting in ineffective assistance of counsel. Father did not reassert his right to a jury trial in his motion for relief. ¶ 6 The juvenile court did not rule on father’s C.R.C.P. 60 motion right away. After the second day of the termination hearing, however, the court granted father’s motion and ordered that the 2021 adjudication be set aside under C.R.C.P. 60(b)(3) and (5). The court then converted the remainder of the scheduled termination hearings into a new adjudicatory trial (2023 adjudicatory trial). But the court sua sponte found that father had waived his right to a 
3 jury at the 2023 adjudicatory trial based on his failure to appear at the 2021 adjudicatory trial. ¶ 7 During the 2023 adjudicatory trial, father’s counsel objected to the juvenile court’s finding that father had waived his right to a jury by failing to appear for the 2021 adjudicatory trial. The court declined to make further rulings on the issue. Over father’s objection, the court heard testimony and evidence and then adjudicated the children dependent and neglected (2023 adjudication). Father appeals. II. Waiver of Jury Trial ¶ 8 Father contends the juvenile court erred by finding that he had waived his right to a jury at the 2023 adjudicatory trial. We agree. A. Standard of Review ¶ 9 We review questions of statutory interpretation de novo. See People in Interest of L.M., 2018 CO 34, ¶ 13. We look to the entire statutory scheme of the Children’s Code “in order to give consistent, harmonious, and sensible effect to all of its parts, and we apply words and phrases in accordance with their plain and ordinary meanings.” UMB Bank, N.A. v. Landmark Towers Ass’n, Inc., 2017 
4 CO 107, ¶ 22. Ultimately, our goal when interpreting a statute is “to effectuate the legislature’s intent.” Blooming Terrace No. 1, LLC v. KH Blake St., LLC, 2019 CO 58, ¶ 11. When interpreting a rule of procedure, we interpret it in the same manner as we would a statute. Stor-N-Lock Partners #15, LLC v. City of Thornton, 2018 COA 65, ¶ 42. B. Relevant Law ¶ 10 Parents have a fundamental liberty interest in the care, custody, and control of their children, Troxel v. Granville, 530 U.S. 57, 66 (2000), and “due process requires the state to provide fundamentally fair procedures in a dependency and neglect proceeding,” People in Interest of J.A.S., 160 P.3d 257, 262 (Colo. App. 2007). ¶ 11 “Dependency and neglect proceedings are civil in nature,” People v. Johnson, 2017 COA 11, ¶ 32 (citation omitted); accordingly, there is no constitutional right to jury trials in these cases. People in Interest of C.C., 2022 COA 81, ¶ 11. However, the General Assembly has granted parents a statutory right to a jury trial at the adjudicatory stage of dependency and neglect proceedings. § 19-3-202(2), C.R.S. 2024 (providing, as relevant 
5 here, that “any respondent . . . may demand a trial by jury of six persons at the adjudicatory hearing pursuant to section 19-3-505,” C.R.S. 2024). Under C.R.J.P. 4.3(a), a parent must demand a jury trial “at the time the allegations of a petition are denied,” otherwise a parent waives that right. ¶ 12 Once a party demands a jury trial, “[t]he right of [the] party to have his case tried by a jury is an important and substantial one.” Whaley v. Keystone Life Ins. Co., 811 P.2d 404, 405 (Colo. App. 1989). Nevertheless, a parent may expressly or impliedly waive the right to a jury trial, so long as the waiver is voluntary. People in Interest of N.G., 2012 COA 131, ¶ 51. ¶ 13 C.R.C.P. 39(a) governs the circumstances under which the right to a jury trial may be waived. See Wright v. Woller, 976 P.2d 902, 903 (Colo. App. 1999) (noting that, after demand, the right to a jury trial “may be lost only for the reasons listed in C.R.C.P. 39(a)”). 
6 Relevant here, a parent may waive their right to a jury by failing to appear at trial.
1 C.R.C.P. 39(a). C. Analysis ¶ 14 Initially, we reject the guardian ad litem (GAL)’s argument that we should decline to consider this issue as unpreserved. ¶ 15 The GAL first contends that father should have challenged the juvenile court’s finding that he waived his right to a jury in his Rule 60 motion. But father doesn’t challenge the finding that he waived his right to a jury at the 2021 adjudicatory trial. He challenges the juvenile court’s sua sponte determination that the 2021 waiver automatically extended to the 2023 adjudicatory trial. And contrary to the GAL’s suggestion, we don’t see how father could have anticipated that the court would address that issue when ruling on a motion for relief from a default judgment. 1 In some circumstances, even the failure to appear at trial may not be considered a voluntary waiver. See People in Interest of C.C., 2022 COA 81, ¶ 18 (failure of a mother to appear for her jury trial on time did not constitute an express or implied waiver when the court failed to make inquiries about mother’s whereabouts and failed to give additional time to appear if the tardiness was reasonable or would promptly resolve); People in Interest of J.R.M., 2023 COA 81, ¶ 16 (failure to appear at a pretrial conference does not constitute an express or implied waiver of a parent’s right to jury trial). 
7 ¶ 16 When he appeared for the 2023 adjudicatory trial, father objected to the court’s finding that he had waived his right to a jury trial. The court declined to make further rulings. This objection was sufficient to preserve the issue for review. See Vaccaro v. Am. Fam. Ins. Grp., 2012 COA 9M, ¶ 52 (“An objection is sufficient so long as it calls the court’s attention to the specific point it addresses.”); Berra v. Springer and Steinberg, P.C., 251 P.3d 567, 570 (Colo. App. 2010) (“[T]o preserve [an] issue for appeal[,] all that was needed was that the issue be brought to the attention of the trial court and that the court be given an opportunity to rule on it.”). ¶ 17 Next, to the extent the GAL contends that father was required to reassert his right to a jury for the 2023 adjudicatory trial, we disagree. Under C.R.J.P. 4.3(a), a party may request a jury “[a]t the time the allegations of a petition are denied.” Father initially, and timely, requested a jury trial at the time he denied the petition’s allegations at a pretrial conference in 2021. C.R.J.P. 4.3(a). Between the 2021 adjudicatory trial and the 2023 adjudicatory trial, there was not an opportunity (nor would there be any reason) for father to “re-deny” the allegations. And father did reassert his 
8 right to a jury by objecting to a bench trial at the start of the 2023 adjudicatory trial. ¶ 18 On the merits, the Department and GAL urge us to conclude that the 2023 adjudicatory trial was merely a continuation of the 2021 adjudicatory trial. Thus, they argue, father’s failure to appear at the 2021 adjudicatory trial waived his right to a jury at the 2023 adjudicatory trial. We disagree. ¶ 19 The two adjudicatory trials were separate and distinct. This was not a circumstance in which an originally scheduled adjudicatory trial was “continued” to another date. When the juvenile court set aside the 2021 adjudication, a new adjudicatory trial was necessary. The 2023 adjudicatory trial was therefore a completely new trial that put father in the same legal position in the dependency and neglect proceeding as he was in before the 2021 adjudicatory trial had occurred. ¶ 20 C.R.C.P. 39(a) requires that a jury trial be held unless “all parties demanding trial by jury fail to appear at trial.” (Emphasis added). Here, the court found that father had waived his right to a jury trial before the 2023 adjudicatory trial had begun and before father even had a chance to appear at trial. This was premature. 
9 And because father did appear at the 2023 adjudicatory trial, he didn’t waive his right to a jury. ¶ 21 Because the statutory right to a jury trial at the adjudicatory stage is a “substantial right” under C.R.C.P. 61, People in Interest of M.H-K., 2018 COA 178, ¶ 15, this error is not harmless. See C.C., ¶ 21 (holding that denial of mother’s right to a jury at adjudicatory stage wasn’t harmless error). ¶ 22 For these reasons, we reverse the juvenile court’s judgment adjudicating the children dependent and neglected with regard to father. III. Other Contentions ¶ 23 Because we are reversing the adjudication, we need not address father’s other contentions. IV. Disposition ¶ 24 The adjudication judgment is reversed, and the case is remanded to the juvenile court for further proceedings consistent with this opinion. JUDGE HARRIS and JUDGE BROWN concur.